**Bobby Ray CULPEPPER, Relator,**

v.

**The Honorable Lynn COKER, Judge, Ninth Judicial District, Waller County, Respondent.**

No. A14–89–244–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 27, 1989.

John F. Waldo, Wm. Bruce Stanfill, Houston, for relator.

Larkin C. Eakin, Jr., Hempstead, R. Paul Yetter, Jaime Drabek, William H. Betts, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

PER CURIAM.

Relator asks this court to order respondent to vacate his order signed March 3, 1989, that sustained a contest to relator's affidavit of inability to pay costs of appeal. We decline to do so.

Relator suffered personal injuries when a strip of aluminum he was using in the construction of a truck stop for Joe B. Byrd came into contact with a high-voltage overhead line that Houston Lighting & Power Company (HL & P) owned and operated. Relator instituted a lawsuit against HL & P, Joe B. Byrd, individually and d/b/a Brookshire Shamrock and d/b/a Joe B. Byrd and Company in the Ninth Judicial District, cause no. 9282, claiming negligence, negligence per se, and gross negligence. The jury found the negligence of defendants did not proximately cause relator's injuries but that the negligence of relator did.

After the trial court entered judgment, relator filed a timely affidavit of inability to pay costs of appeal. The district clerk of Waller County, the official court reporter of the Ninth Judicial District, HL & P, and Joe B. Byrd filed contests to the complaint. Following a hearing, respondent sustained the contest and set the appeal bond at $11,675.00. Relator contends the order is manifestly incorrect, clearly erroneous, and constitutes a clear abuse of discretion.

Mandamus is the proper remedy upon a trial court's sustaining a contest to an affidavit of inability to pay costs of appeal. *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980). We may issue a writ of mandamus to correct a clear abuse of discretion or a violation of a legal duty. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985).

When a judge has sustained a contest to an affidavit of inability to pay costs on appeal, we must examine the record as a whole to determine if respondent abused his discretion. *Tubbs v. Coker*, 401 S.W.2d 272 (Tex.Civ.App.—Houston [14th Dist.] 1966) (orig. proceeding).

Relator argues respondent's order is clearly erroneous and an abuse of discretion because Culpepper demonstrated he was unable to pay any of the costs associated with the appeal. Relator has the burden of proving his allegations of indigency by a preponderance of the evidence. TEX. R.APP.P. 40(a)(3)(D). At the hearing, relator testified he had no unencumbered assets nor any methods for acquiring sums

adequate to meet his normal living expenses. The contestants implicity took the position that relator's attorneys could bear the costs of appeal. Respondent filed no findings of fact.

The evidence at the indigency hearing also established that relator has a contingency fee contract with his lawyers and that relator's lawyers have advanced costs for litigation, paid his medical bills, and paid some expenses for travel and lodging in Houston.

The trial court could thus have sustained the contest on the theory that relator did not discharge his burden of proof by demonstrating his attorneys could not bear the costs of appeal. *See In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). Relator contends, however, that such theory is squarely contrary to the controlling rule of law. *Modern Living, Inc. v. Alworth*, 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987) (orig. proceeding). In *Modern Living*, the Beaumont court relied on three courts of civil appeals cases: *International & G.N. Ry. Co. v. Reeves*, 35 Tex.Civ.App. 162, 79 S.W. 1099 (1904, writ ref'd); *Galveston, H & S.A. Ry. Co. v. Mathes*, 73 S.W. 411 (Tex.Civ.App.1903, no writ); *The Oriental v. Barclay*, 16 Tex.Civ. App. 193, 41 S.W. 117 (1987, no writ). There appears to be no supreme court case addressing the issue. Those three cases, however, as well as *Gulf, C & S.F. Ry. Co. v. Scott*, 28 S.W. 457 (Tex.Civ.App.1894, no writ) rely upon the supreme court reasoning in *Winston v. Masterson*, 87 Tex. 200, 27 S.W. 768 (1894). In that case, the court held a judge is not constitutionally disqualified from hearing a case because his brother, who is an attorney for one of the parties, has a contingent interest in the result. The court's holding was premised on its decision that an attorney with a contingency interest in a case is not a party to the case. The cases that the Beaumont court cited all addressed arguments that an attorney with a contingency interest in a case is a party to a proceeding and thus should have to bear the costs of appeal if the appellant is indigent.

 In this mandamus proceeding, no one contends relator's attorneys are parties to the proceeding. Nonetheless, a party who can secure the money from any legitimate source for the costs of appeal should not be allowed to proceed as an indigent. *See Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (Tex.Comm'n App. Sec. B 1942, opinion adopted). The criterion is: "Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good faith effort to do so?" *Id.* at 20.

■ Relator did not carry his burden of proof. He failed to demonstrate he could not secure funds from his attorney to prosecute his appeal. We do not believe the taxpayers should be burdened with the costs of appeal if appellant's attorney is a source from which he can obtain the funds. Respondent did not abuse his discretion in sustaining the contest to relator's affidavit of indigency. The motion for leave to file petition for writ of mandamus is overruled.