**Herman Alison UNDERWOOD, Relator,**

v.

**The Honorable Reagan CARTWRIGHT, Judge of the 55th District Court, Harris County, Texas, Respondent.**

**No. 01–90–00431–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

John "Lee" Arellano, Houston, for relator.

Before EVANS, C.J., and O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

Relator, Herman Alison Underwood, seeks relief from respondent's order sustaining a contest to relator's affidavit of inability to pay costs on appeal. TEX.R. APP.P. 40(a)(3). Relator seeks a free statement of facts on appeal. TEX.R.APP.P. 53(j)(1). The Harris County District Clerk and Contract Floor Covering, Inc., the defendant in the underlying litigation, filed contests to relator's affidavit.

■ A writ of mandamus issues to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Mandamus is an appropriate remedy to review a trial court's ruling sustaining a contest to an affidavit of inability to pay costs on appeal. *Allred v. Lowry,* 597 S.W.2d 353, 354 n. 2 (Tex.1980). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, i.e., its act is arbitrary or unreasonable, *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.,* 709

S.W.2d 262, 265 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd), or when the facts and law permit the trial court to make only one decision, and the trial court rules to the contrary. *Johnson,* 700 S.W.2d at 917.

Relator had the burden to prove the allegations of his affidavit. TEX.R.APP.P. 40(a)(3)(D). The relevant standard is whether "the record as a whole show[s] by a preponderance of the evidence that the [appellant] would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good faith effort to do so." *Pinchback v. Hockless,* 139 Tex. 536, 539, 164 S.W.2d 19, 20 (Tex.Comm'n App.1942, opinion adopted).

■ Relator was the only witness who testified at the hearing on the contests. Relator testified that he and his wife are 65 years old; that neither is employed; that, for three years, their annual gross income has come solely from social security payments; that they have no art, jewelry, investments, or pensions; that his attorney has paid expenses such as postage and long distance telephone charges and other similar expenses; that his attorney is keeping track of the hours the attorney has worked on relator's case and that his attorney's fee is not based on a percentage of the amount recovered, if any; his attorney will, however, only be paid if relator recovers; that his wife has been "medically disabled" for 14 years; that for two and one-half months, relator has been unable to obtain medicine for his medical condition; that they have $80 to $90 in their checking account; that they own a 14–year–old car that is worth $500; and that they are unable to pay the estimated cost of the statement of facts—$2,000. Relator further testified that he did not ask his attorney to pay the costs of appeal.

Relator also introduced into evidence a budget sheet for the months January 1990 through March 1990 that reflects monthly income of approximately $900 and monthly expenses of approximately $1000. The expenses consist of charges for rent, food, medical treatment, "insurance," "auto in-

surance" and repairs, propane, gasoline, gas, water, telephone, and electricity.

Relator's testimony and the budget sheet introduced into evidence show that relator and his wife are unable to meet their living expenses. The real parties in interest introduced no controverting evidence.

■ Relator was not required to show that others are unable to pay the costs of appeal. *Modern Living, Inc. v. Alworth,* 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987, orig. proceeding); *see also Allred,* 597 S.W.2d at 355; *Goffney v. Lowry,* 554 S.W.2d 157, 160 (Tex.1977).

In *Culpepper v. Coker,* 769 S.W.2d 373, 375 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding), the court held that relator failed to sustain his burden of proof in a hearing on a contest to relator's affidavit of inability to pay costs on appeal when he did not show that he could not obtain funds from his attorney under their contingency fee contract. In the present case, however, the record reflects that relator's attorney would be paid on an hourly basis and would not receive a percentage of any amount recovered. Thus, *Culpepper* is distinguishable because the attorney in that case had a contingent fee contract and therefore a financial interest to the subject matter of the suit. Moreover, the law does not require relator to borrow money that cannot be repaid except by depriving him of the necessities of life. *Goffney,* 554 S.W.2d at 159.

We hold that relator sustained his burden of showing by a preponderance of the evidence that he is unable to pay the costs, or a part thereof, if he really wanted to and made a good faith effort to do so. We conditionally grant the writ of mandamus. We are confident respondent will enter an order overruling the contest to relator's affidavit of inability to pay costs on appeal, and authorizing relator to appeal on his affidavit of inability to pay costs on appeal.