David A. WHITE, Appellant,

v.

BAKER & BOTTS, Appellee.

No. 01–92–00152–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

David A. White, Houston, for appellant.

Dara L. Miles, Houston, for appellee.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

We withdraw our earlier opinion and issue this one in its stead. Baker & Botts,

the appellee, filed a motion to dismiss the appeal on the grounds the appellant did not timely perfect his appeal. We find that the appellant did not timely file his appeal bond, we grant the motion to dismiss, and we deny the motion for rehearing.

This case involves the deadline to perfect an appeal after an appellant is denied the right to appeal as an indigent. The question is: What is the deadline for the appellant to file an appeal bond after the court of appeals denies him leave to file a mandamus to challenge the trial court's denial of status as an indigent? There are two possible avenues to resolve this issue. First, we could interpret Tex.R.App.P. 41(a)(2) to give an appellant an additional 10 days to file an appeal bond following the denial of an indigent's leave to file a petition for mandamus. Second, under the authority of *Grand Prairie Independent School District v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991), we could hold the affidavit was "a bona fide" attempt to invoke appellate jurisdiction. Once the trial and the appellate courts ruled against the appellant on the affidavit, under *Grand Prairie*, we could consider it as a defective instrument that may be amended to perfect the appeal.

The dissent believes we should interpret rule 41(a)(2) to give the appellant relief. The majority disagrees with the dissent that a court of appeals has the authority to interpret a rule of procedure to enlarge jurisdiction. The majority believes we are required to narrowly construe our jurisdiction; the dissent believes we should liberally construe our jurisdiction. As to the second option, interpreting the affidavit as a defective instrument that may be amended, the majority believes that we may not apply *Grand Prairie* because there is a specific rule of procedure that governs the

filing of the appeal bond *after the trial court sustains the contest*. Either solution requires action by the supreme court.

On September 5, 1991, the trial court signed a judgment dismissing White's suit against Baker & Botts. Before the trial court signed the judgment, the appellant filed a motion for new trial. According to Tex.R.Civ.P. 306c and Tex.R.App.P. 58(a), we deem the appellant's motion for new trial, which was filed prematurely, was filed timely. When an appellant files a motion for new trial, the appellant must perfect his appeal by filing the appropriate document within 90 days from the date the judgment is signed. Tex.R.App.P. 41(a)(1). The appellant, therefore, was required to perfect the appeal on or before December 4, 1991 (90 days from September 5).

The appellant timely filed his affidavit of inability to give cost bond on October 24, 1991. Tex.R.App.P. 40(a)(3)(A). The district clerk filed a timely contest to the affidavit on November 4, 1991.[1] Tex.R.App.P. 40(a)(3)(C). The district court signed a timely order extending the time for the hearing on the contest, on November 8, 1991. Tex.R.App.P. 40(a)(3)(E). The district court held a timely hearing on the contest and timely sustained the contest, on November 18, 1991. Tex.R.App.P. 40(a)(3)(E).

When the trial court sustains a contest to the affidavit of indigency, rule 41(a)(2) gives the appellant an additional 10 days within which to file a bond. With this extension, the appellant was required to file his bond on or before December 2, 1991.[2] Because the appellant had 90 days from the date the judgment was signed, the appellant had until December 4, 1991, to perfect his appeal. Tex.R.App.P. 41(a)(1).[3]

---

1. November 3, 1991 was a Sunday.

2. November 28, 1991 was Thanksgiving Day.

3. Although Tex.R.App.P. 41(a)(2) permits the appellant 10 additional days to perfect his appeal from the date the court signs an order sustaining the contest, that provision does not reduce the time permitted to perfect the appeal in rule 41(a)(1), that is 90 days. If the trial court sus-

tains the contest after having granted an extension for the hearing and the 90 days has expired, rule 41(a)(2) gives the appellant an additional 10 days to perfect the appeal. In no event does the appellant have less than 30 days (when no motion for new trial or request for findings of fact are filed) or 90 days (when a motion for new trial or request for findings of fact are filed) from the date the judgment was

■ On December 4, 1991, the appellant filed a motion for leave to file a petition for writ of mandamus in the Fourteenth Court of Appeals.[4] Mandamus is the appropriate remedy to review the trial court's ruling on an affidavit of indigence. *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980); *Underwood v. Cartwright*, 795 S.W.2d 34, 35 (Tex.App.—Houston [1st Dist.] 1990) (orig. proceeding). The Fourteenth Court of Appeals denied the appellant leave to file the mandamus on December 19, 1991. The appellant then filed a timely motion for rehearing of the denial of the motion for leave to file the mandamus. The Fourteenth Court of Appeals overruled the motion for rehearing on January 23, 1992. On January 31, 1992, eight days after the Fourteenth Court of Appeals overruled the motion for rehearing, the appellant filed the appeal bond with the trial court.[5]

Rule 41(a)(2), which gives the appellant a 10-day extension of time after the trial court sustains the contest to file the appeal bond, provides:

> If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until ten days after the contest is sustained unless the trial court finds and recites that the affidavit is not filed in good faith.

Rule 41(a)(2) extends the deadline to perfect an appeal by 10 days when the *trial* court refuses to permit a party to appeal as an indigent; it makes no mention of a similar extension of time if the appellate court denies the party leave to file a petition for mandamus to review the trial court's order.

■ Nothing in rule 41(a)(2) or in any case law that we could find, permits us to interpret the rule to give the appellant an additional 10 days from the date the motion for rehearing was overruled by the Fourteenth Court of Appeals.[6] As an intermediate court, we do not have the authority to construe a rule of procedure liberally to enlarge our jurisdiction. TEX.R.APP.P. 2(a); *see Sifuentes v. Texas Employers' Ins. Ass'n*, 754 S.W.2d 784, 788 (Tex.App.—Dallas 1988, no writ) (a court of appeals may not extend its jurisdiction beyond the limit established by law). Only the supreme court can interpret rule 41(a)(2) to enlarge a jurisdictional time limit.

■ The appellant argues that it is unreasonable to require an indigent to file a petition for mandamus and obtain a ruling by the appellate court within 10 days of the date the trial court ruled he was not eligible to appeal as an indigent.[7] The appellant argues that such a requirement would effectively eliminate the review by manda-

signed to perfect the appeal. TEX.R.APP.P. 41(a)(1).

4. The First and Fourteenth Courts of Appeals share a rotating docket on original proceedings. This appeal was assigned to the First Court of Appeals by the district clerk.

5. The appellant did not have the option of filing a motion to extend time to file the appeal bond while his motion for leave to file the mandamus was pending in the court of appeals. Rule 41(a)(2), which permits a party to file a motion to extend time to file the appeal bond within 15 days of the date that it is due, requires a party to file the bond within the same 15-day period. If the appellant had filed an appeal bond before the court of appeals ruled on the mandamus, the appellant would have abandoned his attempt to appeal as an indigent. *Stein v. Frank*, 575 S.W.2d 399, 400 (Tex.App.—Dallas 1978) (orig. proceeding) (if an appellant, who is attempting to appeal as an indigent, files an appeal bond, it precludes the appeal as an indigent).

6. We do not need to reach the issue whether, as part of a ruling on a motion for leave to file the mandamus, a court of appeals could grant an appellant an additional 10 days to file the appeal bond. That is not the issue here. We are hampered in this case because the Fourteenth Court of Appeals ruled on the motion for leave to file the mandamus. We cannot, as a sister court, go back and revise the order the Fourteenth Court of Appeals issued on the denial of the motion for leave to file, and grant the appellant additional time to file the appeal bond.

7. Under rule 41(a)(2), which permits the appellant to file a motion to extend time to file the appeal bond within 15 days of the date it is due, the appellant actually has 25 days from the date the trial court rules that the party may not appeal as an indigent. We note when an appellant receives an adverse ruling on a petition for mandamus from the court of appeals, the appellant may also file a motion for rehearing in the court of appeals, and then later, a petition for mandamus in the supreme court.

mus of the trial court's order denying an appellant the right to appeal as an indigent, contrary to *Allred.* We agree that this requirement eliminates appellate review of the case when the appellant is not able to convince the appellate court to permit him to proceed as an indigent.[8]

The dissent argues that we should interpret rule 41(a)(2) to apply to the appellate courts, and we should hold that the appellant has an additional 10 days from the date the appellate court makes its final order denying leave to file the mandamus. The dissent maintains that we are compelled to give a liberal construction of the rules. By the very terms of rule 41(a)(2), however, it applies only to the court that *sustains* the contest, not one that *reviews* the ruling on the contest.

■ In response, the dissent argues that the contest to the affidavit of indigence was not finally *sustained* until the appellate courts had an opportunity to review and rule on the mandamus. The idea that the trial court's judgment or order is not final until a motion for leave to file a mandamus is overruled is a novel one, not supported by law. In fact, this Court has jurisdiction over this appeal only because the judgment in this case is *final*. See Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (Vernon 1986), which provides:

> In a civil case in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, a person may take an appeal ... to the court of appeals from a final judgment of the district or county court.

Unless there is a specific exception created by statute, a final judgment is a necessary prerequisite to invoke appellate jurisdiction. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *Pelt v. State Bd. of Ins.,* 802 S.W.2d 822, 826 (Tex.App.—Austin 1991, no writ). Thus, the judgment and all orders signed by the trial court in the case below are final. They became final on November 30, 1991, 30 days after the trial court overruled the motion for new trial on October 31, 1991. *Clark & Co. v. Giles,* 639 S.W.2d 449, 450 (Tex.1982) (judgment became final when the trial court lost power to change it).

■ The dissent's argument that the application for mandamus filed in the Fourteenth Court of Appeals somehow deprived the trial court's order of finality is even farther off the mark than if she argued the appeal suspended the finality of the judgment. An application for mandamus is not an ordinary appeal; it is an original proceeding, a new cause of action. The finality of the trial court's ruling in one case cannot depend on whether the appellant files an original action to challenge it.[9]

There is yet another reason, as an intermediate court, that we should refrain from interpreting rule 41(a)(2) to extend the deadline to perfect an appeal 10 days from the date the court of appeals denies leave to file a mandamus. There is no rule or case law that provides a deadline for filing a mandamus to challenge the trial court's

---

**8.** Although the filing of the motion for leave to file the petition for mandamus does not delay the *finality* of the order, it is possible it suspends *the time to file* the appeal bond. Even if we were to hold that the motion for leave to file the petition for mandamus automatically suspends the time to file the appeal bond, such a holding does not assist this appellant. Here, the trial court denied the appellant the right to appeal as an indigent on November 18, 1991. Adding to that date the 10 days permitted to file the appeal bond in rule 41(a)(2), the appellant had until December 2 to file the bond. Because the appellant had 90 days to file the appeal bond from the date the trial court signed the judgment, the appellant actually had until December 4 to file the bond. On December 4, the last possible date the appellant could have filed an appeal bond, the appellant filed the motion for leave to file a petition for mandamus. On January 23, 1992, the Fourteenth Court of Appeals overruled the motion for rehearing. If the appellant had filed an appeal bond on that date, the bond would have been timely under the theory that the filing of the petition for mandamus automatically suspended the 10 days in rule 41(a)(2). The appellant, however, waited eight days after the court denied him leave to file the petition before he filed his bond.

**9.** Under the authority of Tex.R.App.P. 121(d), the court of appeals could have suspended the *effect* of the trial court's order by a temporary order. The appellant, however, did not file a request for a temporary order as part of his petition for mandamus.

ruling on the affidavit. If the supreme court interprets rule 41(a)(2) or applies *Grand Prairie* to give an appellant additional time after the mandamus is denied to file an appeal bond, the supreme court must also decide the deadline for filing a mandamus to challenge the order that sustains the contest.

We urge the Texas Supreme Court to resolve this matter by rule amendment or by opinion in this case. The courts and future litigants need to know how to compute the appellant's time limit to file the appeal bond after the appellant has been denied mandamus to review the trial court's order denying him permission to appeal as an indigent.

■ Until the supreme court resolves this issue, an appellant who attempts to challenge by mandamus the trial court's order denying him leave to appeal as an indigent, should ask the court of appeals to enter a temporary order suspending the time to file the appeal bond under rule 41(a)(2). Such an appellant should be prepared to file the appeal bond within the 10 days permitted by rule 41(a)(2), as suspended by the court of appeals.

We hold that the appellant did not file a timely appeal bond.

MIRABAL, Justice, dissenting.

I dissent.

It is a rule of appellate courts to give each litigant every opportunity to be heard upon the merits of the case, and we will not deny such right to any litigant unless compelled to do so. *Allen v. United Supermarkets, Inc.*, 467 S.W.2d 616, 621 (Tex. Civ.App.—Amarillo 1971, no writ). The object of the rules of procedure is "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants." *Smirl v. Globe Laboratories*, 144 Tex. 41, 188 S.W.2d 676, 678 (1945); Tex.R.Civ.P. 1. Where this can be done without doing violence to the rules or injustice to the rights of the parties, it is the duty of the court to do so. *Smirl*, 188 S.W.2d at 678.

Rule 41(a)(2) provides, in part:

If a contest to an affidavit in lieu of bond is sustained, the time for filing the bond is extended until ten days after the contest is sustained....

The majority construes this rule to mean that the 10–day extension runs from the date the *trial* court sustains the contest. I disagree with the majority's narrow reading of this rule.

When a trial court sustains a contest to an affidavit of inability to pay costs, the appellant's remedy is to seek a review of the trial court's order by mandamus proceedings in the court of appeals. *Allred v. Lowry*, 597 S.W.2d 353, 354 n. 2 (Tex.1980); *Underwood v. Cartwright*, 795 S.W.2d 34, 35 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). To hold that an appellant must file an appeal bond within 10 days after the contest to the pauper's affidavit is sustained by the trial court, even though mandamus proceedings are pending to obtain a review of the trial court's ruling, would make the right to review by mandamus meaningless. *See Stein v. Frank*, 575 S.W.2d 399, 400 (Tex.App.—Dallas 1978, orig. proceeding) (once appellant filed her appeal bond, she abandoned her affidavit of inability to pay costs.).

Clearly, the Texas Supreme Court in *Allred* did not intend for an appellant to be denied the opportunity to seek review of the trial court's order, yet the majority's strict reading of rule 41(a)(2) would effectively do just that. Under the majority's construction, if an appellant chooses to ask a higher court to review the trial court's order sustaining the contest to a pauper's affidavit, the appellant proceeds at its own risk. If the appellate court denies mandamus relief, and more than 25 days have passed since the trial court's order, the appellant has lost its right to appeal.

In my opinion, a contest to a pauper's affidavit is not finally *sustained* until the appellate courts have had an opportunity to review and rule on the appellant's challenge to the trial court's order. Accordingly, I would hold that the contest in this case was not finally sustained until January 23, 1992, when the Fourteenth Court of Appeals overruled the motion for rehearing.

Therefore, appellant's filing of his appeal bond eight days later, on January 31, 1992, was timely.

I would grant appellant's motion for rehearing and overrule appellee's motion to dismiss this appeal.