IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-397-CV





MARGIE MORRIS,



 APPELLANT


vs.





PIVOT JOINT VENTURE, DBA PIVOT MINI STORAGE; 


JAY SCRANTON PEEVEY; EDWAYNE PRIESMEYER; 


AND JANET MAYHEW,




 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 475,697, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 





PER CURIAM



 Appellant Margie Morris seeks to appeal from a take-nothing judgment of the
district court of Travis County rendered in her suit against appellees Pivot Joint Venture, dba
Pivot Mini Storage; Jay Scranton Peevey; Edwayne Priesmeyer; and Janet Mayhew. Because
Morris has not yet filed a transcript in the cause, we will dismiss the appeal for want of
prosecution.

 Morris filed an affidavit of inability to pay cost of appeal or give security therefor
with the district clerk of Travis County on August 6, 1992. See Tex. R. App. P. 40(a)(3),
41(a)(1), (2). Appellees filed a contest to the affidavit, which the trial court sustained on August
21, 1992. See Tex. R. App. P. 40(a)(3)(C), (E). Morris then had ten days within which to file
a cost bond or to make a cash deposit. Tex. R. App. P. 41(a)(2); White v. Baker & Botts, 833
S.W.2d 327, 328 (Tex. App.--Houston [1st Dist.] 1992, no writ); Lopez v. Foremost Paving, Inc.,
671 S.W.2d 614, 616 (Tex. App.--San Antonio 1984, no writ) (opinion on motion for extension
of time to file appeal bond).

 Instead, Morris sought review of the trial-court ruling on the contest by filing an
original proceeding in this Court. See Tex. Gov't Code Ann. § 22.221(b) (West 1988); Tex. R.
App. P. 121; Allred v. Lowry, 597 S.W.2d 353, 354 n.2 (Tex. 1980); White, 833 S.W.2d at 329. 
We overruled her motion for leave to file petition for writ of mandamus. Morris v. Dellana, No.
3-93-110-CV (Tex. App.--Austin Apr. 23, 1993, orig. proceeding) (not designated for
publication). The supreme court subsequently overruled the motion for leave to file petition for
writ of mandamus that Morris filed in that court. Morris v. Dellana, 36 Tex. S. Ct. J. 1243
(Sept. 10, 1993).

 While the two original proceedings were pending, Morris filed several motions for
extension of time to file the transcript in this cause. (1) This Court granted the motions. Pursuant
to the fourth, the transcript was due to be filed no later than November 1, 1993. A fifth motion
for extension of time was due no later than November 16, 1993. Tex. R. App. P. 54(c); Crites
v. Second Court of Appeals, 516 S.W.2d 123, 124 (Tex. 1974). Because that date has passed,
we now have no jurisdiction to consider a motion for extension of time to file the transcript. 
Trans-Continental Properties, Ltd. v. Taylor, 717 S.W.2d 890, 891 (Tex. 1986); see Office of
Public Util. Counsel v. Public Util. Comm'n, 859 S.W.2d 71, 72 (Tex. App.--Austin 1993, writ
requested).

 An appellate court may dismiss an appeal if the appellant fails to file the transcript. 
Tex. R. App. P. 54(a); see Western Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138
(Tex. App.--Houston [1st Dist.] 1986, no writ). Accordingly, we dismiss the appeal for want of
prosecution. (2)


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed for Want of Prosecution

Filed: December 8, 1993

Do Not Publish
1. [1] The Clerk of this Court filed a nine-volume statement of facts in the cause on December 1,
1992.
2. [2] Because appellant has not filed a transcript, a question also exists as to this Court's
jurisdiction over the appeal. See Harmon v. Miller, 530 S.W.2d 173 (Tex. Civ. App.--Tyler 1975,
no writ) (transcript must affirmatively show appellate-court jurisdiction).