TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00519-CV








Carlene Phagan Beall, Appellant



v.



Arthur Charles Beall, III, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 400,497, HONORABLE PETER M. LOWRY, JUDGE PRESIDING







PER CURIAM


 The trial court rendered judgment in the above-referenced cause on May 8, 1995. 
A timely-filed motion for new trial extended the appellate timetable to August 7, 1995. Tex. R.
App. P. 5(a); 41(a)(1). (1) On August 7, 1995, appellant Carlene Phagan Beall filed her affidavit
of inability to pay costs. On August 24, 1995, the trial court sustained a challenge to her
affidavit. Therefore, appellant had until September 5, the first business day after ten days had
expired since the order sustaining the contest was signed, to file a cost bond. Tex. R. App. P.
5(a); 41(a)(2). In addition, appellant could ask for a fifteen-day extension of time in which to file
a cost bond. Tex. R. App. P. 41(a)(2). The fifteen-day period ended on September 20, 1995.

 On September 5, 1995, appellant filed a motion for extension of time to file the cost
bond, the transcript, and the statement of facts, and stated that she intended to file a motion for
leave to file a petition for writ of mandamus to challenge the trial-court order sustaining the
contest. (2) However, as of January 11, 1996, she had filed neither a cost bond nor a motion for
leave to file a petition for writ of mandamus.

 A timely-filed perfecting instrument is jurisdictional. Davies v. Massey, 561
S.W.2d 799, 801 (Tex. 1978). Under the rules of appellate procedure, the appeal bond was due
September 5, 1995, with a possible extension to September 20, 1995. And, although courts of
appeals have no explicit authority to further extend the deadline for filing an appeal bond, one
court has held that it could do so if appellant files a motion for leave to file a petition for writ of
mandamus and also asks that the appellate court suspend the timetable under its mandamus
powers. White v. Baker & Botts, 833 S.W.2d 327, 328 n.3 (Tex. App.--Houston [1st Dist.] 1992,
no writ). The rules do not state when a motion for leave to file a petition for writ of mandamus
must be filed. However, because the time in which to challenge a trial-court order sustaining a
contest must be finite, we hold that the appellant must have filed the motion for leave to file by
the same deadline that the appeal bond was due.

 In this case, the Court clearly does not have jurisdiction over the appeal since
appellant did not timely file either a cost bond or a motion for leave to file a petition for writ of
mandamus. We dismiss the appeal for want of jurisdiction. We also dismiss appellant's original
motion for extension of time, overrule her amended motion for extension of time, and overrule
her motion to appeal sustaining of contest of affidavit of inability to pay costs.



Before Justices Powers, Aboussie and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: January 17, 1996

Do Not Publish
1.   August 6, 1995, the ninetieth day after the judgment was signed, was a Sunday.
2.   The appropriate way to challenge a trial court order sustaining a contest to an affidavit of
inability to pay is by mandamus. See Allred v. Lowry, 597 S.W.2d 353, 354 n.2 (Tex. 1980);
Underwood v. Cartwright, 795 S.W.2d 34, 35 (Tex. App.--Houston [1st Dist.] 1990, orig.
proceeding).