Maria Luisa GRIMALDO and Maria Luisa Gomez, Relators,

v.

Honorable Harry D. LEWIS, Special Judge, 197th District Court, Cameron County, Texas, Respondent.

No. 13–95–373–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 25, 1996.

Rehearing Overruled Feb. 22, 1996.

Denis A. Downey, Downey & Sullivan, Brownsville, for Relators.

Richard J.W. Nunez, Brownsville, Lamar G. Clemons, Corpus Christi, for Real Parties in Interest.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

In this original mandamus proceeding, the relators, Maria Luisa Grimaldo and Maria Luisa Gomez, complain that the trial court abused its discretion in sustaining a contest to their affidavit of inability to pay costs of the underlying appeal. We conditionally grant a writ of mandamus.

Grimaldo and Gomez, together with several other plaintiffs not parties to the appeal, originally brought the underlying lawsuit against their landlords, Leonardo and Julio Vera, for injunctive relief and damages resulting from an alleged pattern of wrongful conduct with regard to the leased premises. After a bench trial, the trial court signed a final judgment on April 28, 1995, in favor of Grimaldo and Gomez for $500.00 each, plus $1,000 in attorney's fees. Grimaldo and Gomez timely filed notice of appeal and an affidavit of inability to pay the costs of that appeal.

■ The court reporter contested the affidavit and a hearing was held at which the relators and their attorney testified concerning financial ability. Grimaldo and Gomez both generally testified that they are unemployed and receiving government assistance in the form of food stamps and social security benefits,[1] that they have no cash or savings, that they own no substantial property which could be used to secure a loan, and that they could not borrow the estimated $3,800 in costs of appeal. The appellants' indigent status and their lack of ability to pay costs of appeal was uncontroverted at the hearing.

However, the opposing counsel sought to prove the financial ability of appellants' lawyer as a bar to their claiming pauper's status on appeal. Dennis Downey testified that he is the appellants' attorney and that, although he originally took the case as a *pro bono* referral, he has a contingent-fee contract for one-third of the recovery, but that the clients are responsible for payment of court costs. Downey testified that he has already advanced certain costs in the case, including $270 for transcription of testimony and $180 for depositions. Downey testified that he is financially able to pay the costs of appeal.[2]

The trial court sustained the contest and denied Grimaldo and Gomez the right to appeal as paupers, about which they now complain by the present mandamus proceeding.

■ Mandamus will lie to correct the trial court's erroneous ruling on the contest of a pauper's affidavit and its refusal to grant a free statement of facts to an applicant who has proven her right to appeal as an indigent. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex. 1987).

---

1. The fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court costs or give security therefor. *Goffney v. Lowry,* 554 S.W.2d 157, 159–60 (Tex. 1977).

2. The court reporter who contested the affidavit in the trial court and opposed the writ of mandamus in this Court has attempted to bring before us evidence of Downey's alleged attempt to evade payment of appellate costs in an unrelated case, as well as appellant Grimaldo's recovery of some $3,500 in another unrelated case. However, this evidence was not brought before the trial court in connection with the contest and hearing. Accordingly, we cannot consider it in evaluating the trial court's action on the contest.

The test for determining entitlement to proceed *in forma pauperis* is whether the record shows that the appellant would be unable to pay if he really wanted to and made a good-faith effort to do so. *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex.1980); *Goffney v. Lowry*, 554 S.W.2d 157, 159 (Tex. 1977); *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942).

Recently, in *Villegas v. Pate*, 913 S.W.2d 752 (Tex.App.—Corpus Christi 1995, orig. proceeding), this Court generally sided with those other courts of appeals that have held that an indigent appellant is not required to show the inability of his contingent-fee attorney to pay the costs of appeal. *See Regalado v. H.E. Butt Grocery Co.*, 863 S.W.2d 107, 112 (Tex.App.—San Antonio 1993, no writ); *Underwood v. Cartwright*, 795 S.W.2d 34, 36 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding); *Modern Living, Inc. v. Alworth*, 730 S.W.2d 444, 446 (Tex.App.—Beaumont 1987, orig. proceeding); *but see Culpepper v. Coker*, 769 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding) (an otherwise indigent party is not entitled to appeal as a pauper when he fails to demonstrate that he could not secure funds from his attorney to prosecute his appeal).

In *Villegas*, 913 S.W.2d at 756–57, we focused on the objective value of the appellate claim, rather than the financial ability of the lawyer, as an appropriate consideration in determining whether an indigent client could secure the funds necessary for an appeal.

In the present case, Grimaldo and Gomez clearly showed themselves to be indigent and unable to pay the costs of appeal. Moreover, there was no evidence to show that their appellate claims had sufficient value on which they might borrow the funds required to appeal. The trial court abused its discretion in sustaining the contest to their affidavits of inability.

We conditionally grant a writ of mandamus directing the trial court to vacate its order sustaining the contest and to provide appellants with a free statement of facts in connection with their appeal. The writ will not issue unless the trial court fails to comply with the opinion of this court.