TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00500-CV

Raymond S. Vinton, Appellant

v.

Glenda Fuller, d/b/a Glenda Fuller & Associates, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. 96-07078, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 

PER CURIAM

 A final judgment against Raymond S. Vinton was signed on April 10, 1997. 
Vinton filed an affidavit of inability to pay the costs of appeal on July 8, 1997. Glenda Fuller
timely contested Vinton's affidavit of inability to pay. The trial court sustained the contest at a
July 17, 1997 hearing. 

 Vinton filed a motion for leave to file a petition for writ of mandamus on August
25, 1997, asking this Court to reverse the trial court's decision to sustain the contest. We denied
leave to file on August 28, 1997. (1) See Vinton v. McCown, No. 03-97-00499-CV (Tex.
App.--Austin Aug. 28, 1997, orig. proceeding). Because Vinton was not entitled to perfect by
affidavit of inability to pay, and did not either file a cost bond or substitute or successfully
challenge the trial court's decision to sustain the contest, he did not timely perfect this appeal. 
This Court has no jurisdiction in the absence of a timely filed perfecting instrument. Davies v.
Massey, 561 S.W.2d 799, 801 (Tex. 1978).

 We dismiss the appeal for want of jurisdiction. See former Tex. R. App. P.
54(c);60(a)(2).

Before Chief Justice Carroll, Justices Jones and Kidd

Dismissed for Want of Jurisdiction

Filed: December 11, 1997

Do Not Publish
1. The Court did not issue an opinion when it denied the motion for leave to file. However,
we note that an appellant who loses the contest to an affidavit must either pay the costs of appeal
within ten days of the day the contest is sustained or must file a mandamus action within the same
time period, asking the Court to suspend the appellate timetables. See former Tex. R. App. P. 5(a);
41(a)(2); see also White v. Baker & Botts, 833 S.W.2d 327, 328 (Tex. App.--Houston [1st Dist.]
1992, no writ). Vinton did neither.