**David CIULLA, a Minor, by next Friend, Jessie Mae Rachac, Relators,**

**v.**

**Ray HARDY, District Clerk of Harris County, Texas, et al., Respondents.**

**No. 15359.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 27, 1968.

 

Raul A. Gonzalez, Jr., Houston, for relators.

Joe Resweber, County Atty., Anthony D. Sheppard, Asst. County Atty., Houston, for respondent Ray Hardy.

PEDEN, Justice.

In this original proceeding, Relators have been granted leave to file a petition for writ of mandamus to require William Ray Hardy, District Clerk of Harris County, to prepare without cost a transcript and Thomas Brenan, Official Court Reporter of the Juvenile Court, to prepare without cost a statement of facts in connection with an appeal from an adjudication by said court that David Ciulla was a delinquent child. His mother, who is now Mrs. Rachac, as next friend, filed an affidavit in the Juvenile Court of inability to pay costs, as provided by Rule 355, Texas Rules of Civil Procedure. Mr. Hardy and Mr. Brenan filed contests and their contests were sustained. An agreed statement of facts has been submitted to us showing what transpired at the hearing on the contest of the pauper's oath.

We summarize that statement of facts. Mrs. Rachac testified that to the best of her knowledge David Ciulla has neither funds nor anything that can be converted to cash with which to pay the costs of appeal or any part thereof, or give security thereof. Further, that she barely supports herself by working as a maid for $32.50 per week but has nothing she could sell to raise the costs of this appeal. She has no automobile. She has tried to borrow from her employer, from David's father and from two of her relatives, but they refused to lend her the money. She did not try to borrow from a lending institution, because she had neither collateral nor the means to repay such a loan.

On cross-examination it was shown that David's father was about $180.00 in arrears in his support payments to her for David; that he had regularly made support payments as ordered in the divorce decree

until David had been sent to Gatesville and that since then he had made none. She had not filed a contempt charge against him and assumed he was no longer obligated to pay. She said she could pay about $2.00 a week on the costs of this appeal. There is nothing in the record to indicate how much the costs of appeal will be. The only evidence offered by Respondents was the divorce decree that terminated the marriage of David's parents.

We have examined the record as a whole; we hold that under the undisputed facts in this record Mrs. Rachac has demonstrated that she and David are unable to pay for the costs of the appeal or give security for such costs. The opportunity to appeal David's case should not be cut off by his father's refusal to finance it. It is noteworthy that the statute under which David was committed does not provide for his release on bond pending an appeal. Despite Mrs. Rachac's having admitted that she could pay about $2.00 per week from her weekly earnings of $32.50, the record demonstrates that she has no funds on hand with which to pay. Her reasonably necessary living expenses are not required to be surrendered. Wright v. Peurifoy, 260 S.W.2d 234 (Dallas Civ. App., 1953, no writ). Payment of the unpaid child support money is not sufficiently certain to serve as security for a loan.

If the affidavit in forma pauperis was necessary to perfect an appeal from a determination of delinquency under Article 2338–1, Vernon's Ann.Civ.St., the proof offered in support of it was sufficient, and the contest should have been denied.

We see no necessity for a mandatory order as to Hon. Robert Lowry, Judge of the Juvenile Court of Harris County, so the petition for relief against him is denied. Relators are entitled to the writ of mandamus wherein relief is sought against the District Clerk and the Court Reporter only to the extent that Relators are entitled to perfect their appeal and to be furnished

with a transcript and statement of facts without paying the costs in advance or giving security in advance for their payment.

We withhold issuance of the writ pending compliance with our holding.

BELL, C. J., not participating.