In the Matter of G_____ L_____ G_____ et al., children.

No. 16884.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 17, 1977.

Rehearing Denied April 14, 1977.

Jeffrey J. Skarda, Nicholas R. Serna, Houston, for relator.

Joe G. Resweber, County Atty., J. Alexander Johnson, Asst. County Atty., Carol S. Vance, Dist. Atty., Elizabeth Bridges, Asst. Dist. Atty., Houston, for appellee.

COLEMAN, Chief Justice.

This is an original proceeding whereby Vivian Goffney, relator, seeks a writ of mandamus to compel Judge Robert L. Lowry, Judge of the Juvenile Court, to allow relator to prosecute an appeal from a termination of parental rights without paying the costs of appeal.

An affidavit in the form required by Rule 355, Texas Rules of Civil Procedure, was

filed in the trial court. A contest was filed by the District Clerk of Harris County, Texas. After a hearing as required by the rule the trial judge denied the application to appeal on an affidavit of inability to pay costs. Findings of fact and conclusions of law were filed. No statement of facts is before this court.

The rule to be followed by the trial court in determining whether or not to sustain an affidavit of inability to pay costs is set out in *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (1942), in these words:

"Where, from the record as a whole, it really appears that a party is unable to pay the costs, or give security therefor, the court should unhesitatingly grant the relief prayed for."

The court also said:

". . . In passing on the ability to pay costs, or give security therefor, and the right of a party to be exempted therefrom, the court must look to the facts as a whole in the light of the objects intended to be accomplished. Obviously, if a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor."

In an original proceeding for writ of mandamus as a practical matter it will be impossible for the court to review the record made in the trial court if, in fact, the applicant is unable to pay the costs or any part thereof. The applicant obviously would be unable to pay the costs of preparing a statement of facts. In *Pinchback v. Hockless,* supra, it appears that the Supreme Court considered the affidavits filed in support of the motion and in support of the contest. We have before us a certified copy of findings of fact and conclusions of law filed by the trial court, and the sworn application filed by the applicant.

The facts before us are sketchy. It appears that at the time of the hearing Mrs. Goffney was unemployed and her income was from public assistance. She was denied loans on the morning of the trial by four loan companies located in the vicinity of the courthouse. She testified that members of her family might lend her some of the costs of appeal. In his findings of fact the trial judge stated that the relator testified that she thought she could borrow money for costs of appeal from her relatives, who at that time were supporting the relator and her children. The court also found that counsel for relator stipulated orally that he was employed by the Houston Legal Foundation; that the Houston Legal Foundation did in fact have funds to pay for costs of appeal; and that the Foundation had in fact paid costs of appeal, including transcript and statement of facts, in every case appealed by the Houston Legal Foundation except two cases appealed by this counsel. The trial court found that the relator testified she had held three different jobs since the date of the original hearing, and that she owned a "television or stereo set" that she had not attempted to sell, mortgage or pawn.

A judgment terminating the relator's parent-child relationship with one of her children was entered and signed on October 21, 1976. A motion for new trial was filed on October 28, and was overruled on December 3, 1976. The affidavit of inability to pay costs of appeal was filed on December 2, 1976, and the hearing was held on January 27, 1977.

It appears that on the date of the hearing the time limit for the filing of an appeal bond had passed. The Houston Legal Foundation had not filed bond and must be presumed to have refused to furnish Mrs. Goffney funds with which to pay the costs

of appeal. There is nothing in the record to indicate that funds were available to Mrs. Goffney from the Houston Legal Foundation with which to pay the costs of appeal or to give security therefor.

The record reflects that the relator was not working and was being supported by relatives. Relator owns either a television set or a stereo set, the value of which is not established.

The record before us shows that the relator is not earning sufficient funds to provide the necessities of life for herself and her family and that she does not have such a credit rating that will enable her to borrow funds for that purpose.

■ The record also reflects that the relator thought that her relatives would furnish money to pay at least a portion of the costs of appeal. There are no facts in the record to show whether payment of these costs by the relatives would be a financial burden on them. Rule 355 does not require that an indigent litigant be required to seek charity from relatives in order to demonstrate her inability to pay the costs of appeal or give security therefor. However, even though a litigant has not established a credit rating sufficient to qualify him for a commercial loan, if the evidence reflects the probability that a relative is able and willing to furnish such funds to the litigant, the trial court would not abuse his discretion by denying the application to appeal on an affidavit of inability to pay costs.

■ The record which this court must review is the record made in the trial court and presented to this court by way of affidavits. We must determine whether or not the trial court abused its discretion, and a finding of abuse of discretion could not be based on facts which were not presented in the trial court. *Williams v. Maynard,* 515 S.W.2d 9 (Tex.Civ.App.-Austin 1974, writ dism'd).

■ Relator urges as an additional ground for the granting of this writ the contention that the trial court abused its discretion in refusing to continue the hearing for a reasonable time to allow relator the opportunity to seek funds from her relatives. This is not an appeal from the judgment entered by the trial court. As a general rule the act that the trial court has discretion to refuse to perform, or that calls for the exercise of his judgment on matters of fact, is more than ministerial and is not enforceable by the writ. 32 Tex.Jur.2d, Mandamus, § 19, pp. 620–621. This court lacks the authority to order the trial court to set aside its judgment and rehear the contest because the trial court exercised its discretion in refusing to permit a continuance for the purpose of gaining additional testimony.

■ While this court has gained the impression that relator probably cannot pay the costs of appeal, we cannot say that the trial court abused its discretion in sustaining the contest because relator has failed to show that she has no property from which funds sufficient to pay the costs of appeal could be realized and because the record contains evidence that the funds probably could be obtained from relatives. Under the facts shown by the affidavits in this case we are of the opinion that the relator has not met the burden of proof placed on her by Rule 355, and for that reason the application for writ of mandamus is denied.