**Gladys O'Neal JONES, Relator,**

v.

**The Honorable C. V. MILBURN, District Judge of the 70th Judicial District, Ector County, Texas, et al., Respondents.**

**No. 6643.**

Court of Civil Appeals of Texas,
El Paso, Texas.

June 15, 1977.

Rehearing Denied July 6, 1977.

Svanas & Svanas, Gloria T. Svanas, Odessa, for relator.

C. V. Milburn, District Judge, Larry R. Sinclair, City Atty., Odessa, for respondents.

OPINION

OSBORN, Justice.

This is an original proceeding in which Gladys O'Neal Jones, Relator, seeks a Writ of Mandamus to compel the Honorable C. V. Milburn, District Judge, to permit her to prosecute an appeal in a civil case without paying the cost of appeal. Specifically, Relator seeks an order to require the District Clerk of Ector County to furnish a transcript and the Court Reporter for the 70th Judicial District Court to furnish a statement of facts without payment therefor by Relator, who claims to be a pauper.

Following a jury trial in which Relator sought damages from the City of Odessa for buildings which were demolished under the City's Unsafe Buildings Ordinance, judgment was entered denying Relator any relief. The Relator filed an affidavit of inability to pay costs of appeal, and the City filed a contest to the affidavit. The Court had a hearing and the application to appeal as a pauper was denied.

A statement of facts of the hearing on the contest has been filed in this proceeding. Only Mrs. Jones testified. She and her sixteen-year old daughter now reside with her oldest daughter's family in Fort Worth. Mrs. Jones and her minor daughter receive $86.00 per month from the Texas Department of Public Welfare. From this amount, she purchases food and makes some small payment on the utility bills of her married daughter.

Mrs. Jones said she has been disabled and has had no regular employment since 1969. She has no bank or savings account, no automobile, and no property other than the lot involved in this litigation. She has no

relatives from whom she can borrow the money to pay for this appeal. She knew of no source from which she could borrow money.

With regard to the lot involved in this litigation, she said she owed taxes on it and that there was a suit pending involving a lien on the property. On cross-examination, she admitted she had made no specific efforts to raise money for the appeal and that she had made no effort to either sell the lot or borrow money against it. By reason of the appeal in *Jones v. North American Acceptance Corporation,* 442 S.W.2d 492 (Tex.Civ.App.—El Paso 1969, no writ), we are aware of an attempt to impose a lien for more than $4,000.00 upon this lot. Mrs. Jones testified that this lawsuit is still pending. The City has offered no evidence in rebuttal of the testimony of Mrs. Jones.

In *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19 (1942), the Court said:

"Where, from the record as a whole, it really appears that a party is unable to pay the costs, or give security therefor, the court should unhesitatingly grant the relief prayed for. * * *

" * * * In passing on the ability to pay costs, or give security therefor, and the right of a party to be exempted therefrom, the court must look to the facts as a whole in the light of the objects intended to be accomplished. Obviously, if a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor."

Applying that standard to the facts in this case, we conclude that the Relator is entitled to appeal under her pauper's oath. Certainly, her small welfare check would not be adequate to support Mrs. Jones and her daughter. The monthly income was not adequate to repay any loan which she might have sought. Nor could she expect to obtain a loan on the lot with taxes due, a suit pending to foreclose a lien, and no income to repay a loan. In *Ciulla v. Hardy,* 431 S.W.2d 364 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ), the Court apparently concluded that there was no need to try to borrow from a lending institution where the relator had neither collateral nor means to repay a loan. Having examined the entire record, we conclude that the contest should have been denied.

The application for Writ of Mandamus is granted. The District Clerk and official Court Reporter are directed to prepare a transcript and statement of facts for use in the appeal from the above mentioned judgment. The Writ will issue only if one of the Respondents fails to comply with our directions.

ON MOTION FOR REHEARING

The Respondents have filed a motion for rehearing urging that we erred in holding that the contest to the pauper's oath should have been denied, and that we erred in failing to hold that the trial Court abused its discretion when the trial Court sustained the contest to the affidavit of inability to pay the cost of appeal. The motion also contends that we erred in substituting our conclusion for the District Court's conclusion concerning the question of whether Relator sustained her burden of proof.

We originally decided this case despite a somewhat contrary decision only two months earlier in the case of *In re G___ L___ G___,* 550 S.W.2d 716 (Tex.Civ.App.—Houston [1st Dist.] 1977). Following the decision by the Houston Court, the Relator filed another original mandamus proceeding, this time in the Supreme Court of Texas. In *Goffney v. Lowry,* 554 S.W.2d

157 (Tex.1977), the Court granted the application for mandamus and held that proof "that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court costs or give security therefor." We conclude that the proof that Mrs. Jones and her minor daughter receive only $86.00 per month from the Texas Department of Public Welfare shows that she is in fact destitute, and the fact that she and her daughter live with her married daughter establishes that she is dependent upon others for the necessities of life.

Thus, we conclude that the trial Court did abuse its discretion in sustaining the contest to the pauper's oath. The Respondents' motion for rehearing is overruled.