**Vincent L. ALLRED, Relator,**

v.

**Hon. Robert L. LOWRY, Judge, Respondent.**

**No. B–9109.**

Supreme Court of Texas.

April 9, 1980.

Gulf Coast Legal Foundation, Windell E. Cooper Porter and J. Quincy Carter, Houston, for relator.

Harris County Child Welfare, Vincent J. Rizzo, John D. Mulvihill, Lawrence P. Salmeron, Houston, for respondent.

GARWOOD, Justice.

This is an original mandamus proceeding seeking to set aside the trial court's order sustaining a contest to relator's affidavit of

inability to pay costs of appeal. We conditionally grant the writ.

■ The relator Vincent Lee Allred has been imprisoned at the Texas Department of Corrections for approximately four years. The parent-child relationship between Allred and his son Christopher was terminated by an order signed in August 1979. Allred filed an affidavit of inability to pay costs of appeal pursuant to Rule 355.[1] The Harris County Child Welfare Unit and the district clerk filed a contest of the affidavit. The Honorable Robert L. Lowry, judge of the 313th district court of Harris County and respondent in this cause, following a hearing in October 1979, sustained the contest. Allred unsuccessfully sought a writ of mandamus in the court of civil appeals for the first supreme judicial district.[2] This court then granted Allred's motion for leave to file petition for writ of mandamus.

At the hearing Allred testified that he had been imprisoned for almost four years. He believed that an appeal from the termination proceeding would cost from $1,500 to $1,600. He had no money whatsoever in the prison trust fund, and he could not afford to pay the cost of appeal or any portion of it. Although he was receiving some job training in prison as a bookkeeper, he received no money for this work. He had no credit rating, no security, no collateral, and no property or assets of any kind. He was unable to visit commercial loan agencies because of his incarceration. He had attempted to obtain a loan from his father, from two friends outside of prison, and from prison guards, but had failed. Allred further testified that he would be considered for parole a few days after the date of the hearing and that he had received a job offer as a construction worker. If he was paroled, if he then was employed, and if he then received a loan to pay costs of appeal, he would be able to repay it. If he was not paroled in 1979, he would not be eligible for parole consideration again until a full year later.

Donna Marie Muras, Allred's sister, testified that she "would be willing to help Vincent in whatever he needed" for Christopher. She would be willing to lend Allred money to pay for the appeal if she and her husband were able to do so. She did not know how much money they would be able to lend, but it might be "close" to $1,500 to $1,600. Her husband, Gregory Emil Muras, testified that he wanted to help Allred. He believed they might be able to lend from $300 to $500. Both testified that they would consider any monies given to Allred a loan and not charity, and that they would be willing to wait a year for repayment if Allred were not paroled immediately. Both also testified that it would take some time to determine whether they would be able to lend any money. Allred had not requested a loan from his sister or brother-in-law.

■ Rule 355 provides that when "the *appellant* is unable to pay the costs of ap-

1. All references are to Texas Rules of Civil Procedure.

2. Allred's motion for leave to file petition for writ of mandamus was refused "for want of jurisdiction" by order of the court of civil appeals without written opinion. Mandamus in the court of civil appeals is the proper remedy upon a trial judge's sustaining a contest to an affidavit of inability to pay costs under Rule 355. *Williams v. Maynard,* 515 S.W.2d 9 (Tex. Civ.App.—Austin 1974, writ dism'd); *Jones v. Milburn,* 553 S.W.2d 779 (Tex.Civ.App.—El Paso 1977, no writ); *Wright v. Peurifoy,* 260 S.W.2d 234 (Tex.Civ.App.—Dallas 1953, no writ). Jurisdiction for such purposes lies under Article 1823 authorizing courts of civil appeals to "issue writs of mandamus . . . to enforce the jurisdiction of said courts." This refers to enforcing actual or acquired jurisdiction, as distinguished from jurisdiction that is merely potential. *See Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59 (1958); *Texas Employers Ins. Ass'n v. Kirby,* 137 Tex. 106, 152 S.W.2d 1073 (1941); *Texas Employers Ins. Ass'n v. Kirby,* 150 S.W.2d 123 (Tex.Civ.App.—Dallas 1941, no writ). Under Rule 363, "the appeal is perfected when the bond or affidavit in lieu thereof has been filed, or if affidavit is contested, when the contest is overruled." Where the Rule 355 affidavit has been properly filed and the contest improperly sustained, the jurisdiction which the court of civil appeals enforces by issuing its writ of mandamus to overrule the contest is more nearly an acquired than a potential jurisdiction for purposes of Article 1823. *McCartney v. Mead,* 541 S.W.2d 202 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

peal or give security therefor, he shall be entitled to prosecute an appeal" by filing an affidavit of inability to pay costs. [Emphasis added.] The test for determining entitlement to proceed in forma pauperis is whether the record shows the appellant would be unable to pay "if he really wanted to and made a good-faith effort to do so." *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942). Allred had no money or property, and was incapable of working for pay. The state provided him with all of the necessities of life. *See Goffney v. Lowry*, 554 S.W.2d 157 (Tex.1977). The record shows that Allred himself could not pay the costs of appeal or give security at the time of the hearing.

■ We first determine whether Allred's testimony that he might be paroled and that if paroled he might obtain a job constituted evidence of his ability to pay. In *King v. Payne*, 156 Tex. 105, 292 S.W.2d 331, 336–37 (1956), this court discussed the approach to be used in considering the possibility that appellant would soon receive money which could be used to pay costs:

> [R]elators are wrong in their contention that in deciding the question the trial judge could not take into account the fact that Mrs. King probably would soon receive a substantial sum in cash. *If the anticipated payment was sufficiently certain to serve as security for a loan* of an amount necessary to comply with Rule 354, Texas Rules of Civil Procedure, it was the duty of the judge to give consideration to that fact. . . . The trial judge may require a litigant who is without funds but who has ready and adequate credit to use that credit to give security for costs. [Emphasis added.]

The possibility that Allred might be paroled and the possibility that if paroled he might obtain a paying job were nothing more than mere speculation.[3] Such speculation could not suffice as a realistic basis for the extension of credit. Common sense tells us that one in Allred's circumstances had no means of obtaining an arm's length bona fide loan, secured or unsecured. Respondent in effect has so conceded. Allred hence was not re-

quired to attempt to procure such a loan. *See Ciulla v. Hardy*, 431 S.W.2d 364 (Tex. Civ.App.—Houston [1st Dist.] 1968, no writ).

■ The remaining question is whether the testimony by Allred's sister and brother-in-law that they might be able to lend him from $300 to $1,600 to be repaid after his release from prison established his ability to pay. These relatives were not legally responsible for Allred's support. The inference from the record is that, though each is employed, they are people of limited means, and there is certainly no suggestion to the contrary. Although they testified that any money they provided Allred would be a loan rather than charity, he had no sufficiently certain means of repayment to render the transaction a bona fide loan. Rule 355 requires that appellant show that he is unable to pay the costs of appeal. Relator was not required to show that his sister and brother-in-law were unable or unwilling to extend charity to him. *Goffney v. Lowry, supra*, 554 S.W.2d at 160.

We direct Judge Lowry to enter an order overruling the contest to relator's affidavit of inability to pay costs, and authorizing relator to appeal on his affidavit of inability to pay costs. The mandamus will be issued only if necessary.

---

3. Relator has informed us, and respondent does not dispute, that Allred in fact was *not* paroled.