IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-624-CV





RANDY MANICCIA, JON MANICCIA, AND SUSAN MANICCIA,




 RELATORS


vs.





THE HONORABLE JOSEPH H. HART, JUDGE OF THE


126TH JUDICIAL DISTRICT COURT OF TRAVIS COUNTY, TEXAS,




 RESPONDENT


 




ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 





PER CURIAM



 Relators Randy Maniccia, Jon Maniccia, and Susan Maniccia have filed a motion
for leave to file petition for writ of mandamus seeking review of an order sustaining the contests
to their affidavit of inability to pay the costs of appeal. See generally Tex. Gov't Code Ann. §
22.221(b) (West 1988); Tex. R. App. P. 121; Allred v. Lowry, 597 S.W.2d 353, 354 n.2 (Tex.
1980). We will overrule the motion for leave to file.

 The Maniccias seek to appeal from a take-nothing judgment of the district court of
Travis County rendered in their suit against the real parties in interest Johnson & Gibbs, P.C.;
Kathryn K. Lindauer; Aldos Holdings, Ltd.; William M. Moore; and Daniel N. Matheson
("defendants"). The judgment also taxes costs of court in the amount of $21,720.76 against the
Maniccias. See Tex. R. Civ. P. 131. The Maniccias timely filed an affidavit of inability to give
cost bond with the district clerk of Travis County. Tex. R. App. P. 40(a)(3)(A); 41(a)(1).

 Thereafter, defendants and three court reporters filed contests to the affidavit. Tex.
R. App. P. 40(a)(3)(C). After a hearing, the trial court issued its order sustaining the contests to
the affidavit. Tex. R. App. P. 40(a)(3)(E),(F). On December 18, 1992, the Maniccias made a
cash deposit of $1000.00 in lieu of a cost bond to preserve their ability to appeal the trial-court
judgment. Tex. R. App. P. 41(a)(2), 48; see Maniccia v. Johnson & Gibbs, P.C., No. 3-92-614-CV (Tex. App.--Austin Dec. 23, 1992, no writ) (opinion on motion for extension of time to file
cost bond).

 Our review of the record tendered with the motion for leave to file shows that the
Maniccias did not meet their burden of proof to sustain the allegations of their affidavit. See Tex.
R. App. P. 40(a)(3)(D); Allred, 597 S.W.2d at 355. Accordingly, we overrule the Maniccias
motion for leave to file petition for writ of mandamus. Tex. R. App. P. 121(c).

 The disposition of this motion does not affect this Court's disposition of the
Maniccias' motion to reduce cost bond, pending their refiling the motion to comply with Tex. R.
App. P. 46(c). See Maniccia v. Johnson & Gibbs, P.C., No. 3-92-614-CV (Tex. App.--Austin
Feb. 10, 1993, n.w.h.) (opinion on motion to reduce cost bond) (not designated for publication).


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Motion for Leave to File Overruled

Filed: February 10, 1993

[Do Not Publish]