IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00148-CV

 

Kimberly Taylor,

                                                                      Appellant

 v.

 

Brazoria county children’s

PRotective Services unit,

                                                                      Appellee

 

 

 



From the 300th
District Court

Brazoria County, Texas

Trial Court # 17208*RH01

 



MEMORANDUM  Opinion



 

          Brazoria County Children’s Protective
Services (“CPS”) filed suit to terminate the parent-child relationship between
parents Kimberly Taylor, John Taylor and Calvin Henderson and six children.  A jury returned a verdict adverse to all
parents.  Appellant, Kimberly Taylor,
brings two issues on appeal: (1) whether her counsel was ineffective; (2)
whether the trial court abused its discretion in refusing to appoint counsel
for her before trial.

          We will overrule her issues and affirm
the judgment. 

 

BACKGROUND

          CPS filed suit to terminate the
parent-child relationship on September
 7, 2001.  At a permanency
review hearing conducted on January
 14, 2003, Kimberly requested (apparently for the first time) that
the court appoint an attorney for her. 
The trial court refused her request on the grounds that she and her
husband were both employed and together made roughly eighteen dollars an
hour.  The trial court also told Kimberly
that because the trial date was set for February, any lawyer she hired would
have limited preparation time and there would be no chance for a continuance.

Ineffectiveness of Counsel

          Kimberly’s
first issue contends that her trial counsel was ineffective as a result of her
accepting the case three days prior to commencement of trial and by failing to
file a motion for new trial.  The
statutory right to counsel in parental-rights termination cases embodies the
right to effective counsel.  In re M.S., 115 S.W.3d 534, 544 (Tex. 2003). 
In analyzing the effectiveness of counsel in the context of termination
of parental rights, we follow a two-pronged test.  Id. at 545 (citing Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984)).  The appellant must show that
counsel’s assistance fell below an objective standard of reasonableness and
that counsel’s deficient performance, if any, prejudiced the defendant.  Id. at 549.  There is a strong presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance.  Id.

          Kimberly
contends that her trial counsel, who agreed to represent Kimberly without
charging her a fee, was ineffective because she agreed to take the case only
days before the trial was to begin and therefore did not have time to
prepare.  Kimberly argues that her
counsel should have requested a continuance. 
However, Kimberly was present at a permanency review hearing on January
14 when the court told her that the “case is going to go to trial because it
has a dismissal date that requires it be tried prior to March 7th .
. . there’s no chance for a continuance and no chance for an extension.”  We cannot say that counsel’s decision not to
request a continuance was unreasonable under these facts.

          Kimberly
also argues that trial counsel’s failure to file a motion for new trial denied
her effective assistance of counsel.  Texas
Rule of Civil Procedure 324 requires a motion for new trial to preserve a
complaint of factual sufficiency.  Tex. R. Civ. P. 324(b)(2).  Not every failure to preserve factual
sufficiency issues rises to the level of ineffective assistance.  In re
M.S., 115 S.W.3d at 549.  We review
the failure to file a motion for new trial under the established Strickland standards.  Id. 
When a motion for new trial is not filed in a case, the rebuttable
presumption is that it was considered by the appellant and rejected.  Id. 
We indulge the strong presumption that counsel’s conduct falls within
the wide range of reasonable professional assistance, including the possibility
that counsel’s decision was based on strategy or that counsel, in her
professional opinion, believed the evidence factually sufficient such that a
motion for new trial was not warranted.  Id.

          Assuming
without deciding that counsel’s failure to file a motion for new trial was
unreasonable, we determine whether counsel’s failure caused harm.  Id. at 549-50.  We conduct a factual sufficiency review as if
factual sufficiency had been preserved to determine whether the result would
have been different but for counsel’s unprofessional errors.  Id. at 550.  In a factual sufficiency review in a
parental-rights termination case, we consider whether the evidence is such that
a factfinder could reasonably form a firm belief or conviction about the truth
of the State’s allegations.  In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).

          To
support the termination, CPS had the burden to prove by clear and convincing
evidence that Kimberly knowingly placed or knowingly allowed the child to
remain in conditions or surroundings which endangered the physical or emotional
well-being of the child, engaged in conduct or knowingly placed the child with
persons who engaged in conduct which endangers the physical or emotional
well-being of the child, or failed to comply with the provisions of a court
order establishing the actions necessary for her to obtain the return of the
child who has been in the permanent or temporary managing conservatorship of
the Department as a result of the child’s removal from the parent under Chapter
262 for the abuse or neglect of the child. 
Tex. Fam. Code Ann. §
161.001(1)(D), (E), (O) (Vernon 2002). 
Additionally, CPS had the burden to prove by clear and convincing
evidence that termination is in the best interest of the child.  Tex.
Fam. Code Ann. § 161.001(2) (Vernon 2002).

          There was evidence at trial of three separate burns to one child and
the lack of medical attention to the injury. 
At least one of those burns was inflicted by the child’s brother with an
iron.  There was evidence that one of the
boys suffered a black eye when Kimberly spanked him with a belt for attempting
to strangle one of the other children.  A
psychologist testified that one of the children suffers from, among other
disorders, Attention Deficit Hyperactivity Disorder and requires a less chaotic
and more structured environment than that provided by Kimberly.  There was testimony that John Taylor drove while
intoxicated to the parole office with two of the children in the car.  On at least one occasion, Kimberly left the
children at home unsupervised for forty minutes.  Evidence of Kimberly’s criminal history was
produced, including convictions of criminal mischief and driving with a
suspended license, felony probation for welfare fraud, and an arrest for making
a false report to a police officer. 
Although Kimberly testified that she has complied with many of the
provisions of the temporary orders, she failed to pay child support as
ordered.  Kimberly produced evidence of
the children’s behavioral problems since they have been removed from her home,
including evidence that one child was hospitalized for injuries from a
television set falling on him.  In light
of the entire record, we cannot say that the jury could not have reasonably
formed a firm belief or conviction about the truth of CPS’s allegations.  Id. 
The jury could also have reasonably formed a firm belief or conviction
that termination is in the best interest of the children.  The evidence is therefore factually
sufficient.

          Because
the evidence was factually sufficient, Kimberly was not harmed by her counsel’s
failure to file a motion for new trial on that ground.  We overrule this issue.

Abuse
of Discretion

          Kimberly’s
second issue argues that the trial court abused its discretion in refusing to
appoint counsel for her, thus preventing her from receiving effective
assistance of counsel.  A
trial court abuses its discretion when it acts “without reference to any
guiding rules or principles,” or stated another way, when the trial court acts
in an arbitrary and unreasonable manner. 
City of San Benito v. Rio Grand Valley Gas Co., 109 S.W.3d
750, 757 (Tex. 2003) (quoting Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.
1985)). 

          The Texas Family Code requires the trial court to appoint counsel
to represent an indigent parent who has appeared in opposition to the
termination.  Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2004).  The burden of proof rests on the individual
seeking to establish indigency to prove that they could not pay the costs.  Allred
v. Lowry, 597 S.W.2d 353, 355 (Tex. 1980). 
There is nothing in the record to show that Kimberly made a prima facie
case that she was indigent.  The trial
court determined that Kimberly and John Taylor combined earned approximately
eighteen dollars an hour at the time of her request for appointed counsel.  We cannot say that the trial court acted in an
arbitrary and unreasonable manner in denying her request.  City of
San Benito, 109 S.W.3d at 757.

          We
overrule this issue.

CONCLUSION

          Having
overruled Kimberly’s issues, we affirm the judgment. 

 

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed September
 29, 2004

 

[CV06]