

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00387-CV

**BRYAN E. GREEN,**

**Appellant**

**v.**

**RACHELLE BARLOW, ET AL,**

**Appellee**

**From the 12th District Court
Walker County, Texas
Trial Court No. 1527478**

## MEMORANDUM OPINION

In this appeal, appellant Bryan E. Green, challenges the trial court's dismissal of his lawsuit against appellees, Rachelle Barlow, Robert Castleberry, and the Texas Department of Criminal Justice ("TDCJ"). Because we conclude that Green has not complied with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code, we affirm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (West 2002 & Supp. 2015).

# I.  BACKGROUND

On July 1, 2015, Green, an inmate, filed suit against Officer Barlow and Major Castleberry, in their individual and official capacities, and the TDCJ. Specifically, Green alleged that Officer Barlow "committed assault and battery against [him] . . . when she used excessive, non-provoked, and unnecessary force . . . in a malicious and sadistic manner . . . and shoved the Plaintiff . . . by initially pushing against my chest with her chest and then shoving me with her arms in an extremely forceful manner" while he was in the infirmary for an ankle injury. Green further asserted that Officer Barlow assaulted him when he was shoved for interfering with Officer Barlow's headcount. Moreover, Green alleged that Officer Barlow exposed him to significant risk by threatening to tell other inmates that he was incarcerated for child molestation.

Green also contended that Major Castleberry threatened him with imminent bodily injury when Major Castleberry stated "the next time I will make sure that we leave bigger bruises on your chest" in response to comments made by Green. And finally, Green asserted negligence claims against TDCJ for its investigation of his grievances and for allowing Officer Barlow and Major Castleberry to act in the manner about which he complains.

In addition to his original petition, Green filed a declaration of inability to pay court costs, a certified copy of his inmate account, a declaration of previous lawsuits, and a declaration "as to grievance system decision and exhaustion of administrative

remedies." The Texas Attorney General's Office responded to Green's lawsuit by filing an Amicus Curiae Chapter 14 Advisory advancing numerous grounds for dismissal. Green filed an opposition to the Attorney General's Advisory. Without a hearing, the trial court dismissed Green's lawsuit "as frivolous for failure to comply with Chapter Fourteen of the Texas Civil Practice and Remedies Code." This appeal followed.

## II.   ANALYSIS

An inmate proceeding in forma pauperis, as Green alleges, is subject to the procedural requirements of Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *see also Moore v. Zeller*, 153 S.W.3d 262, 263 (Tex. App.—Beaumont 2004, pet. denied). Under Chapter 14, the trial court has broad discretion to dismiss a lawsuit as frivolous or malicious. *Moore*, 153 S.W.3d at 262 (citing *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)). As such, we review the dismissal of suits under Chapter 14 under an abuse-of-discretion standard. *Id.* (citing *Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.—Beaumont 2002, no pet.)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. S*ee Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a); *see also McClure v. Tex. Dep't of Criminal Justice*, No. 10-12-00481-CV, 2014 Tex. App. LEXIS

2284, at *2 (Tex. App.—Waco Feb. 27, 2014, pet. denied) (mem. op.). Moreover, the inmate is required to file a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c), .006(f); *see Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). These filings are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

Here, Green filed an affidavit purportedly complying with section 14.004 that lists only one previous filing in federal court. As listed by Green, the facts in his federal lawsuit are the same operative facts as involved in this case. Moreover, Green's federal and state claims involve the same defendants and similar causes of action. Green also alleges in his affidavit that the suit is still pending in federal court.

With regard to situations such as this, the Fourteenth Court of Appeals has noted:

> The purpose of sections 14.003 and 14.004 is obvious; the Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome. In this way, the trial court could determine, based on previous filings, if the suit was frivolous because the inmate had already filed a similar claim.

*Bell v. Tex. Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Indeed, section 14.003(b)(4) provides that the trial court may dismiss an inmate suit as frivolous or malicious if "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4). Therefore, based on Green's affidavit, the trial court could have dismissed his suit under section 14.003(b)(4). *See id.*; *see also Samuels v. Strain*, 11 S.W.3d 404, 406-07 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Bell*, 962 S.W.2d at 158.

In any event, in its Amicus Curiae Advisory filed in the trial court, the Attorney General's Office stated that Green's federal lawsuit was actually disposed of prior to Green's filing of his original petition in this case. The Attorney General's Office noted that the federal court dismissed Green's federal suit "for failure to state a claim predicated on failure to exhaust," which is the equivalent of dismissing an inmate suit for failing to exhaust administrative remedies. *See Houser v. Harrell*, No. 09-05-350-CV, 2006 Tex. App. LEXIS 8641, at *5 (Tex. App.—Beaumont Oct. 5, 2006, no pet.) ("In essence, section 14.005 allows the trial court to ensure that an inmate proceeding in forma pauperis has first exhausted an applicable grievance procedure. *See Smith v. Tex. Dep't of Crim. Justice—Inst'l Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied) ("Though not expressly stated, the purpose of section 14.005 is to permit dismissal of a suit when it is clear the inmate has failed to provide the statutorily required information. *Id.* The trial court should dismiss a claim if the inmate does not exhaust the grievance procedures and fails to fulfill the procedural requirements prior to filing the lawsuit. *Id.*"). Thus, Green's

lawsuit could have also been dismissed under section 14.005 for failure to exhaust administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Smith*, 33 S.W.3d at 341; *see also Houser*, 2006 Tex. App. LEXIS 8641, at *5.

Additionally, section 14.005 requires a trial court to dismiss a claim if the inmate fails to file the claim before the thirty-first day after the date he received the written decision from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see also Moore*, 153 S.W.3d at 264 (citing *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). To determine whether the inmate's suit was filed within the period required by section 14.005(b), the inmate must file (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate; and (2) a copy of the written decision from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). In the instant case, Green's "verbatim, hand-written copy of the Step 2 Grievance Decision" does not meet the requirements of section 14.005(a), as it does not include a copy of the decisions, if any, of the grievance system. *See id.*; *see also Moore*, 153 S.W.3d at 264 (citing *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied)).

Furthermore, the Attorney General's Office alleged that Green's lawsuit should be dismissed under section 14.003 for knowingly filing a false declaration of indigence. Section 14.003(a)(1) provides that a "court may dismiss a claim, either before or after service of process, if the court finds that . . . the allegation of poverty in the affidavit or

unsworn declaration is false." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1). Texas Rule of Civil Procedure 145 defines a "party who is unable to afford costs" as a person who either (1) presently receives governmental entitlements based on indigency; or (2) "any other person who has no ability to pay costs." TEX. R. CIV. P. 145(a). Texas courts have stated that an inmate who has no money or property is considered indigent. *McClain v. Terry*, 320 S.W.3d 394, 397 (Tex. App.—El Paso 2010, no pet.) (citing *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). "An inmate who has funds in his trust account is not indigent." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1)). "The statute outlines a formula by which an inmate's trust funds can be utilized for payment of costs." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)(1)).

Green's inmate account statement reflects that his average monthly balance in the six-month period preceding his lawsuit was $33.00 and that $451.95 had been deposited into his account in the previous six months. In April 2015, approximately two months prior to filing his original petition, Green had an account balance of $261.31. However, in the two months preceding his lawsuit, Green's balance dwindled to $9.95. And on the date of the account statement, Green's balance was $0.00. Nevertheless, Green's account statement indicates that his six-month average deposits was $75.33. Furthermore, in his opposition to the Attorney General's advisory, Green asserts that he has "a continued pattern of having [his] older sister deposit $100 sums into [his] account on a quarterly basis . . . ."

Based on the foregoing, we cannot say that Green's account statement demonstrates *no ability* to pay costs. *See* TEX. R. CIV. P. 145(a); *Donaldson v. Dir. Tex. Dep't of Criminal Justice*, 355 S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied) (holding that an inmate plaintiff had submitted a false allegation of poverty when he had an account balance of $233.75 at the time his petition was filed and an average monthly balance of $63.42 in the six-month period preceding his lawsuit); *see also Waddleton v. Tex. Dep't of Criminal Justice*, No. 13-13-00512-CV, 2015 Tex. App. LEXIS 7850, at **7-8 (Tex. App.—Corpus Christi July 30, 2015, pet. denied) (mem. op.) (concluding that the trial court did not abuse its discretion in dismissing an inmate suit for a false allegation of poverty when the account statement showed that the inmate had an average six-month balance of $237.58 and a balance of $251.90 at the time of filing); *Atkins v. Herrera*, Nos. 10-13-00283-CV, 10-13-00284-CV, 2014 Tex. App. LEXIS 6050, at **6-11 (Tex. App.—Waco June 5, 2014, no pet.) (mem. op.) (concluding that an inmate had filed a false allegation of poverty when an inmate's account statement showed $705 in deposits in the six months prior to filing suit, a six-month average balance of $227.60, a high balance of $362, an account balance that dwindled to $0.00 shortly after filing suit, and an acknowledgement from the inmate that his family had contributed $405 to his account in the last six months); *Vega v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 12-10-00149-CV, 2011 Tex. App. LEXIS 5888, at **4-7 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (concluding that an inmate filed a false allegation of poverty when his statement had an average monthly balance of

$172.02 in the six months preceding the lawsuit, an average monthly deposit of $88.30, and $220 in deposits made in the three months prior to filing of suit). Accordingly, we conclude that the trial court could have dismissed Green's lawsuit as frivolous under section 14.003(a)(1) for filing a false declaration of indigence. *See* TEX. R. APP. P. 145(a); TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1); *Donaldson*, 355 S.W.3d at 725; *see also Waddleton*, 2015 Tex. App. LEXIS 7850, at **7-8; *Atkins*, 2014 Tex. App. LEXIS 6050, at **6-11; *Vega*, 2011 Tex. App. LEXIS 5888, at **4-5 ("Generally, the test for determining entitlement to proceed *in forma pauperis* is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of his suit if he wanted to and made a good faith effort to do so." (emphasis in original) (citing *Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996))).

Given the above, we cannot say that the trial court abused its discretion in dismissing Green's lawsuit as frivolous. *See Moore*, 153 S.W.3d at 262; *Retzlaff*, 94 S.W.3d at 653; *Hines*, 79 S.W.3d at 271; *see also Downer*, 701 S.W.2d at 241-42. We therefore overrule Green's first three issues. And having overruled his first three issues, we need not address his remaining seven issues. *See* TEX. R. APP. P. 47.1, 47.4.

### III. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 10, 2016
[CV06]

