Robert R. FOREMAN, Relator,

v.

Honorable Edward L. JARRETT, Judge,
and Glenna Burke, Respondents.

No. 3–90–138–CV.

Court of Appeals of Texas,
Austin.

Sept. 26, 1990.

Stephen Yelenosky, Austin, for relator.

Jim Mattox, Atty. Gen., Anthony Aterno, Asst. Atty. Gen., Austin, for real party in interest—Texas Employment Com'n.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

Relator Robert R. Foreman filed his motion for leave to file petition for writ of mandamus. Tex.R.App.P.Ann. 121 (Supp. 1990). This Court granted the motion for leave to file. By his petition, relator seeks a writ of mandamus to compel respondent, the Honorable Edward L. Jarrett, to order respondent Glenna Burke to prepare the statement of facts at no charge to relator. The real party in interest to this proceeding is the Texas Employment Commission (the "Commission"). Rule 121(a)(2)(B).[1]

In the underlying cause, the county court at law of Caldwell County affirmed the Commission's order denying Foreman's request for Trade Readjustment Assistance ("TRA"). Foreman timely perfected an appeal from the trial court judgment by filing a notice of appeal with the county clerk of Caldwell County. Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (Supp.1990); Tex.R.App.P. Ann. 40(a)(2), 41(a)(1) (Supp.1990). At that time, Foreman also requested Burke, the official court reporter, to prepare a statement of facts without charge. Tex.R.App. P.Ann. 53(a) (Supp.1990).

---

1. The real party at interest manifests little or no concern in this proceeding. Only after direction by this Court did the Commission, through the Attorney General, file a response to the motion for leave. In its response, the Com-

mission punted ( [the Commission] neither supports or opposes the Motion in this proceeding). The Commission did not thereafter favor this Court with a brief.

Foreman asserts that he is entitled to a free statement of facts pursuant to Tex. Rev.Civ.Stat.Ann. art. 5221b–13(b) (1987) which provides:

> Limitation of fees: No individual claiming benefits shall be charged fees of any kind in any proceeding under this Act by the Commission or its representative or by any court or any officer thereof.

Texas Rev.Civ.Stat.Ann. art. 5221b–17(b)(1) (1987) defines "benefits" as "the money payments payable to an individual, as provided in this Act, with respect to his employment."[2]

In response to Foreman's request for a free statement of facts, the court reporter stated that she would provide such upon the trial court's entry of an order directing her to do so. Foreman then moved the court to order the court reporter to prepare the statement of facts at no cost to him. The trial court denied Foreman's motion. This order underlies the petition for writ of mandamus before this Court.

 An appellate court may issue a writ of mandamus only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Strake v. First Court of Appeals*, 704 S.W.2d 746 (Tex. 1986); *Crane v. Tunks*, 328 S.W.2d 434 (Tex.1959). A trial court abuses its discretion when its determination is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. A relator who attacks the trial court's ruling must establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985).

Mandamus requires the existence of "a legal duty to perform a nondiscretionary act; a demand for performance and a refusal." *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979); *Perez v. McGar*, 630 S.W.2d 320 (Tex.App.1982, orig. mand. proceeding). Mandamus is a proper means to compel the preparation of a statement of facts necessary to review evidentiary points in order to protect the appellate court's jurisdiction. *Wolters v. Wright*, 623 S.W.2d 301 (Tex.1981); *see Allred v. Lowry*, 597 S.W.2d 353 (Tex.1980).

In the instant proceeding, the facts and the law permitted the trial court to make but one determination and it has not done so. The provision in issue states that no person claiming benefits "shall be charged fees of any kind" by an officer of the court. An official court reporter is an officer of the court. The charge for the statement of facts is a fee. *See* Tex. Gov't Code Ann. 52.046, 52.047 (1988). Furthermore, a court reporter has a duty to provide the statement of facts when properly requested. Accordingly, respondent had no discretion to deny Foreman's motion seeking preparation of a free statement of facts.

We conditionally grant the writ of mandamus. This Court assumes that respondent, the Honorable Edward L. Jarrett, will set aside his previous order and enter an order in compliance with article 5221b–13(b) and this opinion, and that respondent, Glenna Burke, will prepare the statement of facts at no charge to Foreman.[3] If respondents fail to do so, a writ of mandamus will issue.

---

**2.** Foreman claims TRA, a benefit available to persons who become unemployed as a result of increased imports, pursuant to 19 U.S.C.A. § 2271 *et. seq.* (West 1980 & Supp.1990). The Commission administers the program. Review of a determination "shall be ... in the same manner and to the same extent as determinations ... under the applicable State law, and only in that manner and to that extent." 20 C.F.R. § 617.51(a).

**3.** This Court notes that at least one appellate court has taxed costs against the Commission, although it prevailed on appeal, as the only party not exempt from costs. *Texas Employment Comm'n v. Tates*, 769 S.W.2d 290, 293 (Tex.App.1989, no writ); *see* Tex.R.App.P.Ann. 89 (Supp.1990).