IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-613-CV





CHARLES L. MEYER,



 RELATOR


vs.





HONORABLE WILFORD FLOWERS AND HIS TRIAL COURT CLERK,


DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT,




 RESPONDENTS


 




ORIGINAL PROCEEDING FROM TRAVIS COUNTY



 





PER CURIAM



 Relator Charles L. Meyer (1) has filed a motion for leave to file petition for writ of
mandamus and tendered a petition to this Court. See Tex. Gov't Code Ann. § 22.221(a),(b) (West
1988); Tex. R. App. P. 121. Meyer requests this Court to order respondents, the Honorable
Wilford Flowers and the Travis County District Clerk (the trial court clerk), to prepare and
submit to this Court "three requested live court hearings." We will overrule Meyer's motion for
leave to file petition for writ of mandamus.

 On May 26, 1992, Meyer perfected an appeal to this Court from an order of
dismissal rendered by the district court of Travis County. Tex. R. App. P. 41(a)(1), 140(e); see
Meyer v. State Bar of Texas, No. 3-92-327-CV (Tex. App.--Austin Aug. 26, 1992) (order on
motion to file transcript) (not designated for publication). The Clerk of this Court filed a
transcript on July 1st. Tex. R. App. P. 54(a); see Meyer, slip op. at 2. To date, Meyer has not
filed a statement of facts in this cause.

 Meyer now seeks to compel respondents to prepare "transcripts of the live court
hearings which were held on January 14, 1991, August 7, 1991 and October 1, 1991," citing Tex.
R. App. P. 51(a). Meyer has, however, confused the terms "transcript" and "statement of facts." 
The record on appeal consists of the transcript and, when necessary, a statement of facts. Tex.
R. App. P. 50(a). The transcript, prepared by the district clerk, includes pleadings and other
documents filed with the clerk. Tex. R. App. P. 51(a),(c). The statement of facts is the
transcription of the evidence and other proceedings before the trial court. See Tex. R. App. P.
53. Meyer has requested the district clerk of Travis County to prepare and submit the statement
of facts.

 An appellate court may issue a writ of mandamus only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no other adequate remedy at
law. Strake v. First Court of Appeals, 704 S.W.2d 746, 747 (Tex. 1986, orig. proceeding); see
Walker v. Packer, 827 S.W.2d 833 (Tex. 1992, orig. proceeding). Mandamus is a proper means
to compel the preparation of a statement of facts when necessary to review evidentiary points. 
Wolters v. Wright, 623 S.W.2d 301, 305 (Tex. 1981, orig. proceeding); see Foreman v. Jarrett,
796 S.W.2d 316, 317 (Tex. App.--Austin 1990, orig. proceeding). When properly requested to
do so, a court reporter has a duty to transcribe a statement of facts promptly. Tex. R. App. P.
11; Foreman, 796 S.W.2d at 317; O'Neal v. Stovall, 580 S.W.2d 130, 132 (Tex. Civ.
App.--Austin 1979, orig. proceeding).

 Here, no duty has arisen because Meyer has not properly requested the court
reporter to prepare a statement of facts. Tex. R. App. P. 53(a). (2) He has, instead, requested the
district clerk to include the statement of facts in the transcript. The district clerk has no duty to
do so. See Tex. R. App. P. 51(c). Accordingly, Meyer has presented no basis on which this
Court may grant his motion for leave to file petition for writ of mandamus. See Tex. R. App. P.
121(c).

 The Court notes that the record, including the statement of facts, was due to be
filed in the appeal underlying this proceeding no later than July 31, 1992. Tex. R. App. P. 54(a),
140(e); Meyer, slip op. at 2. A motion for extension of time was due on or before August 17,
1992. Tex. R. App. P. 54(c).

 The motion for leave to file petition for writ of mandamus is overruled.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Motion for Leave to File Petition for Writ of Mandamus Overruled

Filed: December 23, 1992

[Do Not Publish]
1. The real party in interest in this proceeding is the State Bar of Texas. Tex. R. App. P.
121(a)(2)(B).
2. Although not a part of the record in this proceeding, we have reviewed the transcript in the
appeal underlying this proceeding and do not find the necessary request in the transcript.