In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00233-CR


______________________________




MICHAEL JAMES MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 19,345-2006




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 A Wood County jury found Michael James Martin guilty of failure to comply with sex
offender registration requirements, a third-degree felony. See Tex. Code Crim. Proc. Ann. art.
62.10. (1) The trial court then assessed punishment of ten years' confinement. Martin now appeals that
conviction. We will reverse.

I. FACTUAL AND PROCEDURAL BACKGROUND 

 Although a more detailed discussion of the facts will follow, we briefly explain here that
Martin was required to comply with the sex offender registration requirements. (2) As required and as
he had done for the several years prior, he reported to the Wood County Sheriff's Department
April 1, 2005, to fulfill his annual verification requirement. (3) He was given what was labeled a "Sex
Offender Update Form." Martin was instructed to leave the form blank except for any changes that
needed to be made. He left the spaces blank and signed the "Sex Offender Update Form." 

 Based on this transaction, Martin was indicted in April 2006 as follows:

 On or about the 1st day of April A.D. 2005, and before the presentment of this
indictment, . . . MICHAEL JAMES MARTIN, hereinafter styled Defendant, did then
and there, while being a person required to register with the local law enforcement
authority in the county where the defendant resided and intended to reside for more
than seven days, to-wit: Wood County, Texas, because of a reportable conviction for
Indecency with a Child- Sexual Contact, intentionally, knowingly and recklessly fail
to verify the information in the registration form received by the Wood County
Sheriff's Department as complete and accurate, to-wit: failing to report a change of
employment.


The trial court's charge to the jury provided:

 [I]f you find from the evidence beyond a reasonable doubt that on or about the 1st
day of April, 2005, in Wood County, Texas, the defendant, Michael James Martin,
did then and there, while being a person required to register with the local law
enforcement authority . . . intentionally, knowingly or recklessly fail to verify the
information in the registration form received by the Wood County Sheriff's
Department as complete or accurate, to-wit: failing to report a change of
employment, then you will find the defendant guilty of Failure to Comply with Sex
Offender Registration Requirements.


The jury found Martin guilty, and the trial court sentenced him to ten years' confinement. 

II. APPLICABLE LAW

 A. Registration Requirements

 1. Sex Offender Registration Form Generally

 Sex offenders falling within the scope of the registration requirements must complete what
is known as a sex offender registration form. The Sex Offender Registration Program (SORP)
provides that the Texas Department of Public Safety will provide a registration form to local law
enforcement authorities, among others, and outlines when and how the registration form should be
completed upon release of the sex offender subject to registration. See Tex. Code Crim. Proc. Ann.
art. 62.02. Article 62.02 goes on to specify the rather extensive information required on the sex
offender registration form:

 (1) the person's full name, each alias, date of birth, sex, race, height, weight, eye
color, hair color, social security number, driver's license number, shoe size, and home
address;


 (2) a recent color photograph or, if possible, an electronic digital image of the person
and a complete set of fingerprints;

 

 (3) the type of offense the person was convicted of, the age of the victim, the date of
conviction, and the punishment received;


 (4) an indication as to whether the person is discharged, paroled, or released on
juvenile probation, community supervision, or mandatory supervision;


 (5) an indication of each license . . . that is held or sought by the person;


 (6) an indication as to whether the person is or will be employed, carrying on a
vocation, or a student at a particular public or private institution of higher education
in this state or another state, and the name and address of that institution; and


 (7) any other information required by the department.

Tex. Code Crim. Proc. Ann. art. 62.02(b). In this case, the Wood County Sheriff's Department is
the local law enforcement authority charged with maintaining Martin's sex offender registration
information. 



 2. Verification Required

 Those required to register as sex offenders must report to the proper authority and verify the
information in the sex offender registration form on either a ninety-day or annual basis. (4) Martin is
subject to the annual verification requirement:

 A person subject to registration under this chapter who is not subject to the 90-day
reporting requirement described by this subsection shall report to the local law
enforcement authority designated as the person's primary registration authority by the
department once each year not earlier than the 30th day before and not later than the
30th day after the anniversary of the person's date of birth to verify the information
in the registration form maintained by the authority for that person. 

Tex. Code Crim. Proc. Ann. art. 62.06(a) (emphasis added). The Texas Code of Criminal
Procedure further specifies the procedure to be followed during this verification process: 


 A local law enforcement authority with whom a person reports under this article shall
require the person to produce proof of the person's identity and residence before the
authority gives the registration form to the person for verification. If the information
in the registration form is complete and accurate, the person shall verify registration
by signing the form. If the information is not complete or not accurate, the person
shall make any necessary additions or corrections before signing the form.

Tex. Code Crim. Proc. Ann. art. 62.06(c) (emphasis added). 




 B. Failure to Comply with Registration Requirements

 A person commits an offense if the person is required to register and fails to comply with any
requirement of the SORP. Tex. Code Crim. Proc. Ann. art. 62.10. (5)

III. EVIDENCE PRESENTED AT TRIAL

 At trial, the various forms and requirements became confused; witnesses often used terms
such as "verification," "update," "registration," and "reporting" interchangeably. For the purposes
of this opinion and for the sake of clarity, we will refer to two relevant forms: 1) the sex offender
update form which was given to Martin when he went to the Wood County Sheriff's Department
April 1, 2005, and 2) the sex offender registration form as defined in Article 62.02 and containing
extensive information about the offender and the offense committed. It is information in the sex
offender registration form that Martin was required to verify. See Tex. Code Crim. Proc. Ann. art.
62.06.

 A. Debra Miears

 Miears serves as director of the Wood County Community Supervision and Corrections
Department and has been with the department for twenty-six years. She specializes in the
supervision of sex offenders. Miears had only limited dealings with Martin, having only met with
him back in 1997 when Martin was first placed on community supervision. Miears explained that,
after Martin's community supervision was revoked and after he served his prison sentence, Martin
would have had to review the registration requirements before his release. 

 Miears testified about the extensive information required on initial registration and the
notification procedures in which an individual is given detailed information and instructions on the
registration requirements. Miears informed Martin that he had to register for life and had to report
a change of address within seven days. She also testified she informed him that he was required to
report a change in employment. 

 On cross-examination, Miears confirmed that the verification requirement relates to the sex
offender registration form maintained by Wood County. She also testified that Martin's duty was
to come in on an annual basis to verify the information in the sex offender registration form and that
the failure to come in to verify the information on the sex offender registration form constitutes a
violation of the registration requirements. 

 During trial, it appears that the State began to focus not on the failure to verify, but instead
on the failure to timely report a change of employment when, in response to re-direct examination,
Miears testified that sex offenders are required to notify law enforcement of a change in their address
or employment within seven days of that change. She conceded that the failure to report a change
of employment is a separate offense and that failure to verify the information in the sex offender
registration form is in itself an offense.


 B. Shirley Boddie

 Boddie was the office manager for Martin's former employer, Boddie's Roofing. Boddie was
charged with payroll responsibilities and testified that Martin worked for them in January 2002 and
then again from May 2002 to June 2003. 

 C. Debbie Foster

 Foster was the Chief Deputy of the Wood County Sheriff's Office. She initially insisted that
State's Exhibit 4 labeled "Sex Offender Update Form" was a sex offender registration form but later
relented and agreed that it was, in fact, an update form. On further cross-examination, Foster also
distinguished between the information contained on the sex offender registration form and the
information required on the sex offender update form, the former being much more extensive than
the latter. 

 D. Misty Holland

 Holland is the former Wood County clerk responsible for sex offender registration. Holland
testified that she received specialized training in sex offender registration from the DPS and also
used the forms provided by the DPS. Holland explained she understood that a change of
employment must be reported within seven days. 

 Holland testified as to the procedure used by Wood County when a person comes in for
annual verification: 

 [DEFENSE]: What is your training as to when to fill out this information [on
the sex offender update form]?"


 [HOLLAND]: Okay. The only time we fill out anything in the blanks is if
there is a change, like a change of address or a change of employment, vehicle
change. And since we went over this form, there was no change so there was nothing
in this form that I filled out.


So, according to Holland, the sex offender need only fill out information on the update if there is a
change. Holland explained that Wood County measured changes by comparing the update form to
the update form filled out the previous year. The State referred to this procedure as "an annual
update" even though there is no formal procedure labeled as such. It also appears that Wood County
is treating this "annual update" procedure as the equivalent of the verification procedure. In other
words, the record suggests that Wood County treated this matter more as a failure by Martin to verify
his previous update forms, which is not an enumerated requirement under the SORP.

 Holland testified that she did not believe there to be a difference between someone registering
in the first place and that person verifying his or her information annually, but she also conceded that
the failure to verify the information on the sex offender registration form and failure to report a
change are separate offenses. "That's completely, that's a different offense than failing to verify the
information in the registration form received by the Wood County Sheriff's Department." Looking
at Defense Exhibit 1, Holland recognized the document as the "original or the sex offender
registration form." She agreed that Defense Exhibit 1 is the registration form that is received by the
Wood County Sheriff's Department from the DPS. 

 Importantly, when Martin came in to the office April 1, 2005, Holland did not give him the
sex offender registration form to verify and agreed that, because she did not give him the sex
offender registration form, Martin would not be able to verify that the sex offender registration form
was "complete and accurate." She explained that supplying the sex offender with the registration
form was not a part of the procedure that Holland was directed to follow. According to Holland,
Martin was not provided the registration form to verify the information on it; instead he was given
a sex offender update form and told to only fill in a change from previous update forms. On cross-examination, Holland agreed with defense counsel's assessment that the "official" sex offender
registration form and 2004 and 2005 updates are all consistent in that no employer is listed. 

 Holland testified that prior Wood County employees filled out update forms differently. 
Whereas she was told that only a change should be noted, other employees directed Martin to
provide the information on the update form whether or not that information had changed. 

IV. DISCUSSION

 On original briefing, Martin complained that the jury charge varies from the allegations
lodged in the indictment. We sought additional briefing on the legal and factual sufficiency of the
evidence.

 A. Standards of Review

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000).

 B. Procedure for Verification

 We reiterate the verification procedure outlined in Article 62.06: 

 A local law enforcement authority with whom a person reports under this article shall
require the person to produce proof of the person's identity and residence before the
authority gives the registration form to the person for verification. If the information
in the registration form is complete and accurate, the person shall verify registration
by signing the form. If the information is not complete or not accurate, the person
shall make any necessary additions or corrections before signing the form.

Tex. Code Crim. Proc. Ann. art. 62.06(c). Article 62.10 makes it a criminal offense to fail to
comply with this or any of the several other registration requirements. That said, we must look more
closely at Article 62.06 to determine what acts or omissions are required to constitute a failure to
comply with the verification requirement.

 In 2005, Martin reported to verify the registration information on file. Holland took the
information. According to her, she did not review or present to Martin the Sex Offender Registration
Form, but instead she reviewed the previous year's (2004) update form. Holland testified that he said
there were no changes from 2004 concerning his employment. Therefore, no information was placed
in the form in answer to his employment. The facts are: 

 (1) the original sex offender registration report shows no answer to the question of Martin's
employer; 

 (2) the 2004 update report shows the same;

 (3) the 2005 update report shows the same; 

 (4) there is no evidence that Martin was employed during the relevant periods in 2004 and
2005.

 So, how can Martin be guilty of failing to report a change of his employment in 2005? Only
by making assumptions that Holland made and the State now urges:

 (1) Martin is to verify the information on the last update report, not the sex offender
registration report.

 (2) When no answer is written to a question regarding employment, that necessarily means there has been no change in employment, not that he has none.

 Using those assumptions, it is then necessary to begin reviewing previous update reports to
determine what those answers concerning employment were (since a blank in the answer form means
no change from the previous year). Looking behind both the 2005 and 2004 update reports, it was
determined that in the 2003 update report (which was not reviewed in 2005), Martin reported that
he worked at Boddie's Roofing. On discovering that, it is necessary to look at the 2004 report and,
finding a blank left on the employment question, assumption (2) requires that such nonanswer
actually means Martin was employed at Boddie's Roofing in 2004. Following that logic into 2005,
since Martin's nonanswer in 2004 actually meant he still worked at Boddie's Roofing then, the blank
left on the employment question in 2005 (i.e., no change) means that he was presently employed at
Boddie's Roofing in 2005. According to the State's theory, Martin would have to tell Holland in
2005 that his employment had changed in 2005 from 2004 when in fact it had not and he was not
employed at Boddie's Roofing either year. 

 We believe this tortured reasoning answers the real question--what is the defendant required
to review and update? We believe it is the information in the sex offender registration form which
is annually updated to contain the most recent information. Otherwise, this obligation being a
lifetime one, and using the State's assumption that no answer means no change, it would be necessary
to review years of update reports to determine if a nonanswer actually meant the opposite of what
it appears, to be able to truthfully and properly answer the annual review requirement. 

 The update report could be used on an annual basis to make changes to any information of
the sex offender registration form; this updated information would allow the changes made from year
to year to be posted on the sex offender registration form. In that manner, verification could be
accomplished each year and changes made as necessary. 

 Here, the evidence shows that in 2005 Martin was allowed to only review the 2004 update. 
Since the 2004 update showed on its face that he had no employer, and if he had none in 2005,
Holland testified that no change was to be made. This is exactly what occurred. Further, even if
Martin had been shown the original sex offender registration form, it likewise showed no employer. 
There is no evidence that Martin failed to verify the information in the registration form by failing
to report a change of his employment. We find the evidence is legally insufficient. Due to the
disposition of this point of error, we will not address the other issues raised in this matter. 

 We reverse and render a judgment of acquittal. 




 Jack Carter

 Justice


Date Submitted: October 24, 2007

Date Decided: April 25, 2008


Publish 


1. As of September 1, 2005, Chapter 62 of the Texas Code of Criminal Procedure was
redesignated as Tex. Code Crim. Proc. Ann. arts. 62.001, et seq., and amended by Act of May 26,
2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. Because Martin engaged in the
conduct at issue prior to September 1, 2005, all references to the Texas Code of Criminal Procedure
herein reference the law in effect before the 2005 amendment. 
2. After being placed on deferred adjudication community supervision and later having been
found to have violated the terms of his community supervision, Martin was adjudicated guilty in
1998 of indecency with a child by contact and sentenced to two years' confinement and released in
2000. 
3. In cause number 19,346-2006, Martin was convicted of failure to comply with sex offender
registration requirements for his alleged failure to verify and failure to report a change of employer
March 24, 2004. The appeal from that conviction is addressed in companion case Martin v. State,
cause number 06-06-00234-CR.
4. Those convicted of a sexually violent offense two or more times are required to report and
verify the information in his or her sex offender registration form every ninety days. See Tex. Code
Crim. Proc. Ann. art. 62.06(a). That requirement does not apply to Martin.
5. The indictment tracks language from two separate requirements: the annual verification and
the duty to report certain changes. The State concedes that it did not, however, charge Martin with
failure to report a change of employment as required by Article 62.05. 


t"/>
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00137-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                      ROBERT
TROY MCCLURE

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Robert Troy McClure has filed a
petition for writ of mandamus requesting that this Court order the Honorable
Bobby Lockhart, Judge of the 102nd Judicial District of Texas, to address his
complaint.  We deny the petition.

            McClure filed a complaint against
the State of Texas, Texas Department of Justice, Correctional Institutions
Division on November 16, 2011.  At that
time, McClure was (and remains) an inmate of the Texas Department of Criminal
Justice, Telford Unit.  In his complaint,
McClure alleges that he was struck in the face by a corrections officer at the
Telford Unit and that as a result, he suffered a fractured nose.  McClure further alleges that a second
corrections officer conspired with the alleged offending officer to cover up
the assault.  

            In his petition for writ of mandamus,
McClure complains the trial court has failed to take any action with regard to
McClures complaint.  McClure alleges the
trial court has abused its discretion in choosing to ignore his complaint, and
therefore requests this Court to order the Honorable Bobby Lockhart to address
his complaint.  

            Mandamus is an extraordinary remedy
and will issue only when the record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law.  Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994) (orig. proceeding); In re
Fulgium, 150 S.W.3d 252, 254 (Tex. App.Texarkana 2004, orig.
proceeding).  To be entitled to mandamus
relief, a relator must show both that he or she has no adequate remedy at law
to redress the alleged harm and that he or she seeks to compel a ministerial
act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a
duty clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            In proper cases, mandamus may issue
to compel the trial court to act.  In re Blakeney, 254 S.W.3d 659, 661
(Tex. App.Texarkana 2008, orig. proceeding); see also Eli Lily & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992) (orig. proceeding) (trial court abuses discretion by refusing to conduct
hearing and render decision on motion); Chiles
v. Schuble, 788 S.W.2d 205, 207 (Tex. App.Houston [14th Dist.] 1990, orig.
proceeding) (mandamus an appropriate remedy to require trial court to hold
hearing and exercise discretion).   

            Any such mandamus relief, however,
must be predicated on an adequate showing that a request for a ruling has been
properly and adequately presented to the trial court and that the court has
declined to rule.  Mandamus relief
requires existence of a legal duty to perform a nondiscretionary act, a demand
for performance of that act, and a refusal to so act.  Foreman v. Jarrett, 796 S.W.2d 316, 317 (Tex.App.Austin
1990, orig. proceeding).  

            Here, McClure has failed to make any
predicate showing necessary for entitlement to mandamus relief.  The record indicates only that McClures
petition was filed in November 2011.  The
District Clerk of Bowie County has confirmed that no citation has been served
on the defendant.  The sole pleading in
this case is that of McClures complaint. 
McClure has failed to show a legal duty on the part of the trial court
to perform a nondiscretionary act.

            We deny the petition for writ of
mandamus.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          January 10, 2012         

Date
Decided:             January 11, 2012