In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00137-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                      ROBERT
TROY MCCLURE

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Robert Troy McClure has filed a
petition for writ of mandamus requesting that this Court order the Honorable
Bobby Lockhart, Judge of the 102nd Judicial District of Texas, to “address his
complaint.”  We deny the petition.

            McClure filed a complaint against
the State of Texas, Texas Department of Justice, Correctional Institutions
Division on November 16, 2011.  At that
time, McClure was (and remains) an inmate of the Texas Department of Criminal
Justice, Telford Unit.  In his complaint,
McClure alleges that he was struck in the face by a corrections officer at the
Telford Unit and that as a result, he suffered a fractured nose.  McClure further alleges that a second
corrections officer conspired with the alleged offending officer to cover up
the assault.  

            In his petition for writ of mandamus,
McClure complains the trial court has failed to take any action with regard to
McClure’s complaint.  McClure alleges the
trial court has abused its discretion in choosing to ignore his complaint, and
therefore requests this Court to order the Honorable Bobby Lockhart to address
his complaint.  

            Mandamus is an extraordinary remedy
and will issue only when the record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law.  Cantu v. Longoria, 878 S.W.2d 131, 132
(Tex. 1994) (orig. proceeding); In re
Fulgium, 150 S.W.3d 252, 254 (Tex. App.—Texarkana 2004, orig.
proceeding).  To be entitled to mandamus
relief, a relator must show both that he or she has no adequate remedy at law
to redress the alleged harm and that he or she seeks to compel a ministerial
act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a
duty clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            In proper cases, mandamus may issue
to compel the trial court to act.  In re Blakeney, 254 S.W.3d 659, 661
(Tex. App.—Texarkana 2008, orig. proceeding); see also Eli Lily & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992) (orig. proceeding) (trial court abuses discretion by refusing to conduct
hearing and render decision on motion); Chiles
v. Schuble, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig.
proceeding) (mandamus an appropriate remedy to require trial court to hold
hearing and exercise discretion).   

            Any such mandamus relief, however,
must be predicated on an adequate showing that a request for a ruling has been
properly and adequately presented to the trial court and that the court has
declined to rule.  Mandamus relief
requires existence of a legal duty to perform a nondiscretionary act, a demand
for performance of that act, and a refusal to so act.  Foreman v. Jarrett, 796 S.W.2d 316, 317 (Tex.App.—Austin
1990, orig. proceeding).  

            Here, McClure has failed to make any
predicate showing necessary for entitlement to mandamus relief.  The record indicates only that McClure’s
petition was filed in November 2011.  The
District Clerk of Bowie County has confirmed that no citation has been served
on the defendant.  The sole pleading in
this case is that of McClure’s complaint. 
McClure has failed to show a legal duty on the part of the trial court
to perform a nondiscretionary act.

            We deny the petition for writ of
mandamus.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          January 10, 2012         

Date
Decided:             January 11, 2012