

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00070-CR
_____

IN RE JERRARD MCGARY

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Jerrard McGary, proceeding pro se, petitioned for mandamus relief asking this Court to direct the Fifth Judicial District Court of Bowie County to make a ruling on his petition for habeas corpus relief. McGary filed his application for habeas corpus relief in the trial court in early February 2021. Now, about five months later, McGary complains that the trial court has not yet made a ruling. We find that McGary has failed to show he (1) presented his application to the trial court and (2) requested a ruling. Thus, McGary has not provided a record sufficient to entitle him to his requested mandamus relief. As a result, we deny his petition for extraordinary mandamus relief.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that

a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

The trial court is required to consider and rule on a properly filed motion within a reasonable time once a ruling has been requested. *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). To obtain mandamus relief here, McGary must establish that (1) the motion was properly filed and had been pending for a reasonable time, (2) he requested a ruling on the motion, and (3) the trial court has either refused to rule or failed to rule within a reasonable time. *See In re Blakeney*, 254 S.W.3d at 661. But "if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion." *In re Greenwell*, 160 S.W.3d at 288. As we have stated previously,

> Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule. Mandamus relief requires existence of a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal to so act.

*In re Blakeney*, 254 S.W.3d at 661 (citing *Foreman v. Jarrett*, 796 S.W.2d 316, 317 (Tex. App.—Austin 1990, orig. proceeding) (per curiam)).

McGary has attached to his mandamus petition a file-stamped copy showing that his application for habeas corpus was filed in the trial court on February 5, 2021. "A trial court is required to consider and rule on a motion within a reasonable time." *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). "While [an appellate court] ha[s] jurisdiction to direct the trial court to rule on a motion, we may not tell the trial court how to rule on such motion." *In re Ramos*, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020,

3

orig. proceeding).  Moreover, "a trial court cannot be found to have abused its discretion until the complainant establishes that the court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so."  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (citing *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal.")).

There is nothing in the record establishing that McGary presented his application to the trial court and demanded that the trial court rule on the application.  McGary has produced a letter addressed to the trial court demanding a ruling on his application for habeas relief.  Even so, the letter is not file-stamped.  And while it includes a certified mail receipt and a United States Postal Service tracking number, there is no proof that the trial court ever received or saw the letter, such as a certified-mail green card.  In *In re Taylor*, No. 06-16-00016-CV, 2016 WL 1435386, at *1 (Tex. App.—Texarkana Apr. 12, 2016, orig. proceeding) (mem. op.), Taylor claimed he sent letters to the trial court requesting the matter be set for a hearing.

> Although Taylor has provided this Court with copies of his motions and letters, none of them contain a file-stamp mark indicating they were filed.  Further, neither the motions nor the letters are accompanied by envelopes or other evidence in the record that indicate the trial court actually received the motions and requests for hearing.

*Id.*  This failure was fatal to Taylor's petition for a writ of mandamus, and we denied relief.  *Id.*

4

We come to the same conclusion here.  McGary has not carried his burden of demonstrating that he has presented his application for habeas relief to the trial court and requested a ruling.  As a result, we deny McGary's request for mandamus relief.[1]


Scott E. Stevens
Justice

Date Submitted:     August 5, 2021
Date Decided:       August 6, 2021

Do Not Publish

---

[1]Additionally, even if the letter reached the trial court, the letter is dated June 10, 2021.  McGary's application for mandamus relief with this Court was received and filed July 2, 2021.  Such a span is not an unreasonable amount of time for a trial court to make a ruling.  *See In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 460–61 (Tex. App.—Corpus Christi 1999, orig. proceeding) (mandamus relief not available when only thirty days had passed); *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).